### HARRY WARTMAN v. MARY F. RICHARDS.

Where a tenancy is terminable upon notice and demand of possession, and such a notice and demand has been given terminating the tenancy on a certain day, jurisdiction to issue a rule to show cause why the tenant should not be removed from the premises under the Landlord and Tenant act will be acquired by proof of such notice and demand. A second notice and demand after the termination of the tenancy is not required. *M. C. & B. Co.* v. *Mitchell,* 2 *Vroom* 99, followed.

*Certiorari* of proceedings before a justice of the peace under the Landlord and Tenant act.

Argued at November Term, 1891, before Justices SCUDDER and MAGIE.

For the prosecutor, *John W. Wartman.*

The opinion of the court was delivered by

MAGIE, J. It is unnecessary to consider the grounds presented by the defendant for dismissing the writ of *certiorari,* for prosecutor's sole objection to the proceedings cannot avail him.

The argument in behalf of prosecutor concedes that the affidavit, whereon the justice allowed the rule to show cause, sufficiently shows a tenancy by the month, duly terminated by the requisite notice and demand of possession. The sole contention is, that the justice acquired no jurisdiction to allow the rule, because the affidavit did not show that after the expiration of the term demand was made and notice, in writing, was given for the delivery of possession, under the first clause of section 11 of the Landlord and Tenant act.

The question thus raised has been settled in this court adversely to this contention. In *M. C. & B. Co.* v. *Mitchell,* 2 *Vroom* 99, a tenancy was held to exist, terminable on the discharge of the tenant from the service of the landlord. On

January 12th a notice was given discharging the tenant from service on January 25th, and, therefore, terminating the tenancy on the latter day. It contained also a notice to quit, and a demand for the delivery of possession on January 25th, and this court held that no other notice and demand was necessary to confer jurisdiction on a justice under the clause of the act now in question. In this respect the construction which had been put upon language of similar purport, in the Forcible Entry and Detainer act, was followed. *Townley* v. *Rutan, Spenc.* 604; *S. C.*, 1 *Zab.* 674.

This decision has long remained unquestioned, and the point decided must be considered *res judicata.*

The *certiorari* must be dismissed, with costs.