THE STATE, PETER F. QUIDORT, PROSECUTOR, v.
JOHN C. BULLITT ET AL.

By the terms of a lease it was provided, among other things, that the lessors should have the privilege of terminating it at any time, upon giving six months' notice of their intention to do so, prior to the 1st day of July of any year during the lease. It was further provided that, if the lessee should in any particular violate any of his promises contained in the lease, or should fail to comply with any of the condi-

tions thereof, or notice given under the terms thereof, then the lessors might cause a notice to be left on the leased premises of their intention to determine the lease, and that, at the expiration of ten days from the time of so leaving such notice, the lease should absolutely determine. At the termination of the lease it was extended for a period of five years, upon the same terms, conditions and limitations as expressed in the original instrument. *Held*—

1. That the provision authorizing the lessors to terminate the lease upon six months' notice, was one of the "terms" of the lease, and consequently became one of the provisions of the renewal by express words.

2. That the lessors were entitled to terminate the lease at any time during its continuance, upon giving six months' notice of their intention so to do, providing the date fixed by them for its termination was at a time of the year prior to the 1st day of July.

3. That, having terminated the lease by a six months' notice, and demanded therein the possession of the premises at the end of the period fixed thereby, the lessors were not required to give a second notice, either by the terms of the lease or by the eleventh section of the Landlord and Tenant act, in order to enable them to maintain an action before a justice of the peace for the removal of the tenant from the leased premises.

On *certiorari.*

Argued at November Term, 1896, before Justices DEPUE, MAGIE and GUMMERE.

For the prosecutor, *Thomas E. French.*

For the defendants, *Herbert A. Drake.*

The opinion of the court was delivered by

GUMMERE, J.    The writ in this case was sued out to remove into this court for review certain proceedings instituted before a justice of the peace, under the Landlord and Tenant act.    The question for determination is whether the justice had jurisdiction of the cause; if he had jurisdiction, then the writ in this case should be dismissed, but if he had not, then the proceedings before him should be set aside.    *Stanley* v. *Horner,* 4 *Zab.* 511; *Fowler* v. *Roe,* 1 *Dutcher* 549; *Morris Canal, &c., Co.* v. *Mitchell,* 2 *Vroom* 99, 103.

It appeared by the affidavit filed with the justice that the defendants, in May, 1885, leased to the prosecutor a seaside cottage and appurtenances, at the city of Cape May, for five years; that at the expiration of that period the lease was continued for an additional five years, " upon the same terms and conditions and limitations as expressed therein," except that the rent was reduced; and that, at the expiration of the second period of five years, said lease was further continued for five years more, " upon the same terms and conditions and limitations as expressed therein," except that there was a still further reduction in the rent.

It appeared, also, that the lease contained, among other provisions, the following:

" Lessors are to have the privilege of terminating the lease at any time, upon giving six months' notice of their intention to do so, prior to the 1st day of July of any year during the lease."

There was also a provision that " if the lessee shall in any particular violate any of his said promises, or fail to comply with any of the conditions of this lease, or notice given under the terms thereof, then the lessors may cause a notice to be left on the premises of their intention to determine this lease, and, at the expiration of ten days from the time of so leaving such notice, this lease shall absolutely determine."

It further appears that, on the 19th day of October, 1895, the defendants caused to be served upon the prosecutor a written notice which, after reciting that, by the terms of the lease, the lessors had the privilege of terminating it at any time upon giving six months' notice, &c., proceeded as follows: " We have determined to avail ourselves of the privilege of terminating the lease. We now give you notice of the exercise of our privilege and of our intention to terminate the said lease on the 1st day of May, 1896, and demand that you surrender us possession of the leased premises at that time in accordance with the provisions contained in the lease. This right to terminate the lease is exercised in accordance with the lease and the several extensions thereof. We shall expect

you to deliver to us, on the 1st day of May, 1896, the cottage and bath-houses mentioned in the said lease, and also the articles mentioned and set out in the inventory annexed thereto."

Notwithstanding the service upon him of this notice, the prosecutor refused to deliver up the possession of the leased premises to the defendants at the time mentioned therein, and the defendants thereupon, on the 6th day of May, 1896, instituted the proceedings before the justice which are now under review.

It is alleged by the prosecutor that the facts above recited did not bring the case within the jurisdiction of the justice, for the following reasons :

*First.* That the privilege of terminating the lease was not a term, condition or limitation of the original lease, but a special privilege, reserved to the lessors, of ending the original term ; that it applied only to the lease and not to the renewals, and that the renewals did not reserve to the lessors the privilege.

*Second.* That if it did apply to the renewals, the term could only be ended on the 1st day of July, by a notice given six months prior to that date ; that the privilege of terminating the lease was to be exercised at any time, but that the ending must be on July 1st, by a notice given six months before that time. There being no such notice, the term was not ended and the justice could have no jurisdiction.

*Third.* That if it be considered that the term was ended, yet the clause in the lease, secondly quoted above, requiring the lessors, upon failure of the lessee to comply with any notice given under the terms of the lease, to cause an additional notice to be left on the premises, made it necessary for the defendants to serve such additional notice and to wait ten days thereafter before they were entitled to the possession of the leased premises.

The construction sought to be put upon the various provisions of the lease by the prosecutor does not seem to us to be justified by the language of that instrument. We think it clear that the right reserved to the lessors to terminate the

lease upon six months' notice was one of the "terms" or provisions of the lease, and was consequently incorporated into the renewals thereof by express words.

Nor are the defendants required, in exercising their right to terminate the lease on six months' notice, to end the term on the 1st day of July. Although the language of the provision is somewhat involved, its true meaning seems to us to be that the "lessors are to have the privilege of terminating the lease *at any time* prior to the 1st day of July of any year during the lease," upon their giving six months' notice of their intention to do so. The construction contended for on behalf of the prosecutor can only be adopted by construing the words "prior to" to be synonymous with "on."

Nor were the defendants, by reason of the provision authorizing them to terminate the lease by a ten days' notice in case the lessee should violate any of his promises or fail to comply with any of the conditions of the lease or notice given under the terms thereof, required to serve a second notice in order to terminate the lease. That provision of the lease and the provision authorizing the lessors to terminate on six months' notice are entirely independent of one another. By the exercise by the lessors of their right to terminate the lease on six months' notice, the term came to an end on May 1st, 1896. They could not, therefore, by the subsequent exercise of an additional right reserved to them in the lease, bring about a result which had been already accomplished. The provision appealed to was not inserted in the lease for the benefit of the lessee, to enable him to continue in possession of the leased premises after the expiration of his term, but for the benefit of the lessors, to enable them to bring an existing term to an end in the event of the failure of the lessee to comply with the provisions of the lease.

It is also contended, on behalf of the prosecutor, that the justice was without jurisdiction because no notice to quit was served upon the prosecutor after the expiration of his term, in compliance with the first clause of the eleventh section of the Landlord and Tenant act. The notice which was

served upon the prosecutor, terminating the lease, also contained a notice to deliver up the possession of the premises at the expiration of the term.

It was not therefore necessary to serve a second notice and demand after the termination of the tenancy, in order to give the justice jurisdiction. *Morris Canal, &c., Co.* v. *Mitchell, supra; Wartman* v. *Richards,* 25 *Vroom* 525.

The justice having had jurisdiction of the proceedings before him, the *certiorari* must be dismissed, with costs.