## District Court for the Second Judicial District of the County of Union.

### SARAH LEVINE, PLAINTIFF, v. IRWIN KARKUS, DEFENDANT.

Decided September 17, 1942.

For the plaintiff, *Peter Kay.*

For the defendant, *Eugene A. Liotta.*

FULOP, D. C. J.  This is a proceeding to dispossess a tenant from premises known as 1610 Summit Avenue, Hillside, New Jersey.  The affidavit of the landlord sets out a tenancy from July 1st, 1941, to August 31st, 1942.  It further alleges "that on the 21st day of July, 1942, this deponent personally made demand and caused written notice to be served upon said Irwin Karkus * * * a true copy of which notice" is annexed to the affidavit.  The affidavit also alleges that the tenant has not quit the premises and holds over without the permission of the landlord.  The notice annexed to the affidavit is addressed to the tenant and signed by the landlord, and reads as follows:

"In accordance with the terms of the lease executed by you as tenant and myself, as landlord, for the leasing of five rooms and sun-parlor on the first floor and garage at 1610 Summit Avenue, Hillside, New Jersey, you are hereby notified to quit the aforementioned premises and to deliver possession thereof to me on the expiration date of said lease, to wit, August 31st, 1942."

Counsel for the tenant moves to dismiss the proceedings

upon the ground that the foregoing affidavit is insufficient to confer jurisdiction upon this court in that there is no allegation of a demand and notice of demand for possession given after the expiration of the term. The contention is that the notice given on July 22d, 1942, was only sufficient to terminate the tenancy and that a second demand should have been made and notice given after August 31st, 1942, in order to confer jurisdiction on the court.

The relevant statute is *R. S.* 2:32-265a; *N. J. S. A.* 2:32-265a:

"Except as limited by section 2:8-39 of this title as to actions brought to recover possession of premises used for dwelling purposes, any lessee or tenant at will or at sufference, or for a part of a year, or for one or more years, of any houses, lands or tenements, and the assigns, under tenants or legal representative of such tenant or lessee, may be removed from such premises by any district court of any city or judicial district within the limits of the county within which such premises are situated, in the manner hereinafter prescribed in the following cases: ·

"a. Where such person holds over and continues in possession of all or any part of the demised premises after the expiration of his term, and after demand made and written notice given by the landlord or his agent, for delivery of possession thereof, which notice shall be served either personally upon the tenant or such person in possession by giving him a copy thereof or by leaving a copy of the same at his usual place of abode with a member of his family above the age of fourteen years, or where for any reason such service cannot be had, then the same may be served by posting or affixing a copy thereof upon the door or other conspicuous part of such dwelling or demised premises occupied by the tenant;"

Defendant relies upon *Perth Amboy Iron and Metal Co. v. Herman Ellis* (1923), 1 *N. J. Mis. R.* 154, in which Mr. Justice Bergen held that there is a: "distinction between a notice to quit and the statutory demand for possession which is necessary to give the District Court jurisdiction to dispossess a tenant who is a mere holder over. * * * No

such demand was proven and could not be under the affidavit on which this judgment is based. The District Court had no jurisdiction for want of a proper affidavit."

It will be noted that the affidavit dealt with by Mr. Justice Bergen contained no allegation that a demand and notice for possession had been given by the landlord at any time. The case is not controlling.

In the case of *Quidort* v. *Bullitt* (1897), 60 *N. J. L.* 119; 36 *Atl. Rep.* 881, Mr. Justice (later Chief Justice) Gummere writing the opinion for the Supreme Court composed of Mr. Justices Depue, Magie and Gummere, decided the precise point here under consideration in favor of the sufficiency of a demand for premises made prior to the expiration of the tenant's term. The court held:

"It is also contended, on behalf of the prosecutor, that the justice was without jurisdiction because no notice to quit was served upon the prosecutor after the expiration of his term, in compliance with the first clause of the eleventh section of the Landlord and Tenant Act. The notice which was served upon the prosecutor, terminating the lease, also contained a notice to deliver up the possession of the premises at the expiration of the term.

"It was not therefore necessary to serve a second notice and demand after the termination of the tenancy, in order to give the justice jurisdiction."

That case was decided under the Landlord and Tenant Act as it was in effect in 1896. In the revision of 1877 at page 576 and in the General Statutes of 1895 at page 1922, the equivalent of *R. S.* 2:32-265a; *N. J. S. A.* 2:32-265a appears as follows:

"Where such person shall hold over and continue in possession of the demised premises, or any part thereof, after the expiration of his or her term, and after demand made, and notice in writing, given for delivering the possession thereof by the landlord, or his agent for that purpose."

A careful comparison of the present provision of the District Court Act first above given and the last quoted provision of the Landlord and Tenant Act, which governed justices of the peace in 1896-1897, when the Quidort case was

decided, reveals no material difference in the respect now under consideration. Therefore, the case of *Quidort* v. *Bullitt, supra,* is dispositive of the present motion.

Aside from authority, reasoning leads to the same conclusion. The statute does not say that the demand for possession must be made after the expiration of the term of the tenancy. The words "after the expiration of his term" and "after demand made and written notice given by the landlord" are connected by the word "and." They are co-ordinate phrases.

The mere fact that the reference to the notice follows the reference to the expiration of the term is of no significance. At most, it may be said that the legislation is badly punctuated and therefore tends to be ambiguous. If the statute is ambiguous, the construction must be governed by the intent of the legislature. The only possible purpose for requiring a demand and written notice is to apprise the tenant that the landlord desires possession at the expiration of the term. That result is far more effectively achieved by a demand made and notice given one month in advance of the expiration of the term than by a much shorter notice given after the expiration of the term. Nor is the tenant entitled to an extension of his tenancy by an additional notice period after the expiration.

The motion to dismiss the proceedings is therefore denied. It should be noted that counsel for the tenant expressly confined himself to the above mentioned ground for his motion, and no other matters have been considered.