[No. 140. Decided February 11, 1891.]

WILLIAM SCHULTE v. CHARLES SCHERING, EMMA SCHERING AND A. J. LITTLEJOHN.

LANDLORD AND TENANT—DEFECTIVE LEASE—SALE OF PREMISES.

Where a tenant enters into possession of premises under a lease which does not contain the name of one of the lessors in the granting clause, and which is signed but not acknowledged by the lessors, and the tenant makes improvements on the premises and pays rent therefor, he is entitled to specific performance of the terms of the defective lease, as against a subsequent vendee of his lessors, who takes with actual knowledge of such tenant's rights.

*Appeal from Superior Court, Pierce County.*

Action by William Schulte to compel the specific performance of an agreement for a lease by Charles and Emma Schering, and to enjoin A. J. Littlejohn from disturbing plaintiff in his possession of the premises described in the lease. The allegations of the complaint are substantially as follows: That on the 26th day of June, 1888, the defendants Charles and Emma Schering were the owners of the premises in dispute, and on that day demised said premises to plaintiff for the term of two years, to com-

mence on the 15th day of August, 1888; that the said lease given by said Scherings and accepted by plaintiff, through a mutual mistake of both parties, omitted the name of Emma Schering in the granting clause, and was not acknowledged by Charles and Emma Schering, though signed by both of them; that plaintiff on the 15th day of August, 1888, under and by virtue of said lease entered into the sole and exclusive possession of said premises, and has been in the sole, exclusive, notorious and open possession thereof ever since, and during such possession made valuable improvements thereon; that on or about the 15th day of October, 1888, the defendant A. J. Littlejohn purchased said premises of the defendants Charles Schering and Emma Schering, but at the time said defendant Littlejohn purchased said premises he well knew that the plaintiff was in the open and notorious possession of said premises under an agreement with the said Charles and Emma Schering; and the said defendant Littlejohn was at that time informed by the said Scherings that plaintiff was occupying said premises under an unexpired lease for the term of two years from said defendants, Charles and Emma Schering; that defendant Littlejohn has continuously harassed and annoyed plaintiff, and has endeavored in various ways to dispossess plaintiff, although plaintiff has at all times complied with all the conditions under which he holds possession of the premises leased; and that defendant Littlejohn threatens to dispossess plaintiff of said premises. To this complaint defendant Littlejohn demurred upon the ground that it did not state facts sufficient to constitute a cause of action. The court sustained this demurrer, and entered a decree dismissing plaintiff's bill and rendering judgment for costs against plaintiff. From this decree and judgment plaintiff appeals.

*Judson, Sharpstein & Sullivan,* for appellant.

*A. A. Knight,* for appellee *Littlejohn.*

The opinion of the court was delivered by

SCOTT, J. — The question raised in this case is in substance the same as that passed upon by us in *McGlauflin v. Holman*, at our May session, 1890. See 1 Wash. 239 (24 Pac. Rep. 439). There is an additional defect in this instrument in its not containing the name of one of the lessors in the granting clause, but this does not take it out of the principle recognized in the case cited. Judgment reversed, and cause remanded. The demurrer should be overruled, with leave to answer.

ANDERS, C. J., and HOYT, DUNBAR, and STILES, JJ., concur.