CANDLER *v.* MITCHELL.

1. TRUST DEED—POSSESSION—CONTROL OF PREMISES.
Where the owner of real property executes a trust deed thereof to secure creditors, and thereafter joins with the creditors in a request to the trustee to permit a certain person to occupy the premises, he thereby places the trustee in possession, and the trustee becomes the landlord of such person.

2. LANDLORD AND TENANT—NOTICE TO QUIT—OPTION.
A notice to quit unless the tenant shall immediately pay in advance a stated rental is not insufficient, as it gives no option which may be exercised after the expiration of the time fixed by the notice. *D'Arcy* v. *Martyn,* 63 Mich. 602, distinguished.

3. SAME—SERVICE BY MAIL—SUFFICIENCY.
Service by mail of a notice to quit is sufficient, where the tenant receives it in time.

Error to Wayne; Frazer, J. Submitted January 26, 1899. Decided March 6, 1899.

Summary proceedings by George V. Candler, as trustee, against William Mitchell, to recover the possession of a house. From a judgment for plaintiff on verdict directed by the court, defendant brings error. Affirmed.

*Bacon & Palmer,* for appellant.

*Sloman & Groesbeck,* for appellee.

MONTGOMERY, J. This is a summary proceeding to recover possession of a house in the city of Detroit known as the "Reading House." It appears that in April, 1896, Richard W. Reading, the owner, was indebted to various parties for labor and material furnished in building the house, and on that date gave a trust deed of the property to plaintiff, as trustee for these creditors, of whom defendant was one. On the 1st of September, 1896, the creditors united in the following request to plaintiff:

"DETROIT, MICH., September 1, 1896.
" Mr. GEORGE V. CANDLER, Trustee.

"*Dear Sir:* We, the undersigned creditors of R. W. Reading for labor and material furnished in the construction of the Reading House, on Wabash avenue, hereby request you to allow William Mitchell to occupy said house; it being understood that during the occupancy of said house by Mitchell the sum of $15 per month will be deducted from the amount now due William Mitchell from R. W. Reading. And it is agreed by said William Mitchell that he will vacate said house at any time, upon 30 days' notice from trustee."

This request or agreement was signed by all the secured creditors, including the defendant, and by the owner of the property, Mr. Reading. There was also underwritten an agreement, signed by defendant, as follows:

" I hereby agree to do all necessary repairs and fix leaks in mason work (in cellar) in and around the building and cellar; and I also agree to the stipulation mentioned above, and agree to leave the premises in as good condition as when I entered the house.

"WILLIAM MITCHELL."

The defendant did not vacate the premises within the time prescribed, and this proceeding was thereupon instituted. The circuit judge directed a verdict for the plaintiff, and defendant brings error.

It is contended that the trust deed is no more, in effect, than a mortgage, and gave no right to the trustee to occupy the premises. This is doubtless true, in the absence of any other agreement; but it is equally true that it is competent for a mortgagor to place the mortgagee in possession, or assent to the possession, which the mortgagee may defend or assert as against those in privity with him. The inference is clear that this is what was intended in this case. The owner joins in a request to the plaintiff that defendant be allowed to occupy the premises, and in pursuance of that request the defendant went into possession. The plaintiff became his landlord.

It is now contended that the notice was insufficient,[1] as it gave defendant an option to vacate or do something else; citing *D'Arcy* v. *Martyn,* 63 Mich. 602. That case is clearly distinguishable from the present. The notice allowed the tenant the option of remaining upon paying rent, and there had been acquiescence in his occupancy, which the court said seems to have created a new tenancy. The notice did not require, as a condition to future occupancy, the payment of rent in advance. In the present case the notice was to vacate, unless the tenant desired to remain on other terms, which terms must, of necessity, be determined on at once, and not after the lapse of the time fixed by the notice. There was no option which the tenant had the privilege of exercising at the time when he was required to leave by the terms of the notice, as was the case in *D'Arcy* v. *Martyn.*

It is contended that the service by mail was insufficient; but the proofs show that the service was actually received as early as May 14th by defendant.

The judgment is affirmed.

The other Justices concurred.

---

[1] The notice, which was dated May 13, 1897, read: "Unless you wish to remain in said house by paying $15 per month, in advance, beginning from the 15th of May, 1897, you will please vacate the same within one month from date."