[No. 3765. Decided April 13, 1901.]

A. L. BROWN and ANNIE M. BROWN, Executors, et al., Appellants, v. IRVIN BARUCH, Respondent.

LANDLORD AND TENANT — ACTION FOR POSSESSION — PLEADING — AMENDED ANSWER — DEPARTURE.

In an action by the owners of premises to recover restitution and damages for detention, in which defendant pleaded a surrender and cancellation of an outstanding unexpired lease held by another, and that thereupon plaintiffs entered into an express agreement with him, whereby he was to have possession of the premises described for a period of one year, the filing of an amended answer by defendant, after issue joined, setting up certain facts by way of an equitable estoppel does not amount to an abandonment of the original defense and such a departure as to take plaintiffs by surprise, when the second answer is, in effect, an extended explanation of the particular manner in which the defendant came into possession of the premises, and the reasons for entering into the contract.

SAME — VERBAL LEASE — ESTOPPEL.

Where one of the owners of premises refers an applicant for a lease thereof to another of the owners, with the statement that the latter had the management of the property, and whatever arrangement was made with the latter would be satisfactory, and such applicant, relying upon the representation of both such owners as to the latter having full power and authority to make the lease, enters into a· verbal lease of the premises with the latter, and expends money in their improvement, the owners are estopped to deny the validity of the lease.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge. Affirmed.

*Preston & Bell,* for appellants.

*Lewis, Hardin & Albertson,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—On the 23d day of February, 1898, Amos Brown, since deceased, Annie M. Brown, his wife, James D. Lowman and Mary R. Lowman, his wife, the three last named being appellants in this action, were the owners of certain real estate in the city of Seattle, and leased the same to one Ida N. Cort for a period of five years. The lease was properly recorded, and the lessee went into possession and occupation of the demised premises, and held the same until the 1st day of March, 1898, when, with the written consent of the said lessors, she assigned the said lease to the American Amusement Company, a corporation. Said corporation remained in possession of the demised premises until the 29th day of August, 1898, when, in a certain action in which the American Amusement Company was defendant, one Merkel was appointed receiver and directed to take possession of all the assets of the corporation, including its interest in the demised premises. Said receiver immediately took possession of the premises, and, under the direction of the superior court of King

county, sold the interest in the same to E. P. Edsen. Edsen remained in constructive possession of the said premises until the commencement of the present action. There was quite an amount of money due under the terms of the lease for rent at the commencement of the action. During the time when the receiver was in possession, Kinnear & Brown, as alleged agents of the receiver, let the said premises to the defendant and respondent, Irvin Baruch, at a monthly rental of $150, who occupied the premises until the commencement of this action, which was brought by A. L. Brown, Annie M. Brown, Lowman and wife. The defendant Edsen appeared and judgment was entered against him. The respondent, Baruch, appeared and contested the action, and judgment was rendered in his favor; the prayer of the complaint being for the restitution of the premises and for damages for detention.

It is alleged by the appellants that the court erred in permitting the respondent to file an amended answer; that, after the issues in the case had been made up in the court below and the cause placed upon the trial calendar, and shortly prior to the trial, the respondent applied for leave to file his so-called amended answer. It is claimed that in his original answer he had pleaded a surrender and cancellation of the outstanding unexpired lease held by the American Amusement Company as assignee of Ida N. Cort, and that thereupon the appellants had entered into an express agreement with him whereby he was to have possession of the premises described in the complaint for a period of one year at the rate of $150 per month; that, in his amended answer, the respondent abandoned the defense pleaded in his original answer, and pleaded certain facts by way of an equitable estoppel. It is insisted that this is a departure which should not have been tolerated. It is said by the respondent in

answer to this that the amended answer was filed by stipulation between the counsel for appellants and respondent, and a supplemental statement of facts is sent up to prove this assertion. But, while there was a stipulation that respondent should be allowed to file an amended answer, we presume the stipulation could not be construed to be a stipulation to file an amended answer that could not legally be filed. But, on the merits, an examination of these two separate defenses shows that there was no such a departure as would take the plaintiffs by surprise. The second answer is more of an elaboration of the first than it is a departure from its terms. It is, in effect, an extended explanation of the particular manner in which the defendant came into possession of the premises, and the reasons for entering into the contract which he did. The cases cited by the appellants are not in point. Much discretion is vested in the superior court in this particular, and, unless the appellate court can see that that discretion was abused, it will not be interfered with. In addition to this, there was no application for additional time to prepare for the defense to what are termed new allegations in the answer.

This, in our opinion, decides the remaining four assignments of error, viz: (2) That the court erred in permitting proof of facts tending to establish an estoppel *in pais;* (3) that the court erred in denying plaintiffs' motion for judgment made at the close of the case; (4) that the court erred in denying plaintiffs' motion for a new trial; (5) that the court erred in refusing to give plaintiffs' requested instructions; for, if the new answer was properly admitted, the court committed no error in permitting proof of facts tending to establish an estoppel *in pais,* even if it could be said that such a proof could not have been admitted under the first answer; and, if

this proof could properly be admitted, there was sufficient proof offered to sustain the court in denying plaintiffs' motion for judgment, to justify the instructions, and to sustain the judgment in favor of defendant. The instruction of the court on the vital question is as follows:

"If a person knowingly and voluntarily so conducts himself in relation to his business as to justify persons dealing with him in supposing and believing that a certain state of facts exists, and such persons do deal with him relying on that inference and belief, the person so conducting himself will not afterwards be permitted to deny that such state of facts did exist, to the prejudice of persons acting upon such belief. Therefore, if you find from a preponderance of the evidence that in May, 1899, the defendant Baruch applied to the plaintiff J. D. Lowman to rent the premises in question for a year or more, and that Mr. Lowman referred Baruch to the plaintiff A. L. Brown, stating that Brown had the management of the property and that whatever arrangement Baruch made with Brown would be satisfactory to Lowman, or if you find that Lowman in any form of words informed Baruch in substance that he might deal with Brown in leasing the property, then Baruch had the right to deal with Brown as the duly authorized agent of Lowman, even though Lowman might not in fact have given any authority to Brown. The law would not permit Lowman to now deny that Brown was his agent nor to deny that Brown had authority to act for Lowman in dealing with Baruch. And if you believe from the evidence that Baruch, relying on such statements of Lowman, informed A. L. Brown that he would not rent the property unless he could have possession of it for at least one year and that if he could have it for that time he would spend money in fitting it up and in getting ready to use the property as a place of public amusement, and if you further believe that Brown then stated or represented to Baruch that he (Brown) had authority to lease the place and that if Baruch would take it for one year his lease for that time would be valid and his possession undisturbed, and if you

further believe that Baruch believed these statements and representations of Brown and relied on them, and relying on them, entered into a verbal agreement with Brown, whereby Brown agreed that Baruch should have the property for one year at $150 per month and Baruch agreed to take it for that time at that rate, and that thereafter Baruch entered into possession of it and spent money in fitting up the place and preparing to use it as a place of public amusement, then you will find a verdict for defendant Baruch."

This, we think, was the proper statement of the law of estoppel, as applied to this case; and there was sufficient evidence, although that between Lowman and Baruch was somewhat conflicting, to sustain a finding of estoppel. It may be said here that there is no question arising between any of the lessees of the property and Baruch, but the contest is between Baruch and the owners of the property. There is also some question raised as to the community interest of Mrs. Lowman, but, from Lowman's testimony, it does not appear that his wife had any interest in the estate.

The judgment is affirmed.

REAVIS, C. J., and FULLERTON, MOUNT and ANDERS, JJ., concur.