(June 4, 1906.)

## JULIA FLEMING, Appellant, v. WM. R. BAKER et al., Respondents.

[85 Pac. 1092.]

ORAL CONTRACT FOR TRANSFER OF REAL ESTATE—PART PERFORMANCE—
DIVIDING LINE BETWEEN TRACTS OF REAL ESTATE—ESTABLISHED BY
CONSENT—STATUTE OF FRAUDS.

    1. B. and W. entered into a contract to make a certain lane or highway the boundary between their lands, and each took possession of the land falling to him under their agreement, inclosed it and exercised acts of ownership over it for more than fifteen years, and B. expended considerable money in preparing the tract falling to him for cultivation, and erected buildings thereon and leased a portion thereof to others, who erected valuable buildings and other structures thereon without objection or protest from W., and W. died before deeds passed between them. *Held,* under those facts that said agreement does not come within the statute of frauds in regard to oral sales or transfers of real estate.

    2. The part performance of said contract brings it within the provisions of section 6008 of the Revised Statutes, and takes it out of the statute of frauds.

(Syllabus by the court.)

APPEAL from District Court of the Sixth Judicial District for Lemhi County. Hon. James M. Stevens, Judge.

Action to quiet title to certain real estate. Judgment for the defendants. *Affirmed.*

John C. Sinclair and John H. Padgham, for Appellant.

In all cases where the location of the true boundary line is known to the owners of contiguous estates, and they undertake for any reason to transfer land from one to the other by a parol agreement, whereby the location of such known boundary is changed, then the statute of frauds will inflexibly apply, and such agreement will be void. (4 Am. & Eng. Ency. of Law, 2d ed., 860-862.)

Verbal agreements for the exchange of land are within the statute of frauds and are invalid. (*Clark v. Graham,* 6 Wheat. 577, 5 L. ed. 334; *Purcell v. Miner,* 4 Wall. 513, 18 L. ed. 435; *Mather v. Scoles,* 35 Ind. 1; *Sands v. Thompson,* 43 Ind. 18; *Dennis v. Kuster,* 57 Kan. 215, 45 Pac. 602; *Stark v. Cannady,* 3 Litt. 399, 14 Am. Dec. 76; *Beckham v. Mepham,* 97 Mo. App. 161, 70 S. W. 1094.) There must be a conveyance made and possession taken on both sides in order that the contract may be held binding and without the operation of the statute. (*Savage v. Lee,* 101 Ind. 514; *Baldwin v. Thompson,* 15 Iowa, 504; *Hibbard v. Whitney,* 13 Vt. 21; *Purcell v. Miner,* 4 Wall. 513, 18 L. ed. 435.)

Where the estoppel sought to be set up involves the title to land which can only be transferred by deed, it cannot be taken advantage of. (*McPherson v. Walters,* 16 Ala. 714, 50 Am. Dec. 200; *Smith v. Mundy,* 18 Ala. 182, 52 Am. Dec. 221; *Mills v. Graves,* 38 Ill. 455, 87 Am. Dec. 314; *Hays v. Livingston,* 34 Mich. 384, 22 Am. Rep. 533; *White v. Hapeman,* 43 Mich. 267, 38 Am. Rep. 178.)

Where the payment of a consideration of a contract is denied, specific performance should not be decreed without proof of payment or an offer to pay. (*Logan v. McChord,* 2 A. K. Marsh. 224.)

Possession alone is not sufficient to take the case out of the statute. (Notes to 8 Am. & Eng. Ency. of Law, 1st ed., 743.)

Because of the laches of respondent Baker in not bringing action for specific performance, he should be barred from any relief in this action. (22 Am. & Eng. Ency. of Law, 1st ed., 1045, and decisions cited in the notes; *Seculovich v. Morton,* 101 Cal. 674, 40 Am. St. Rep. 106, 36 Pac. 387.)

The contract sought to be enforced must be fully and clearly proved. (*Rice v. Rigley,* 7 Idaho, 115, 61 Pac. 209; *Green v. Begole,* 70 Mich. 602, 38 N. W. 595; *Poland v. O'Connor,* 1 Neb. 50, 93 Am. Dec. 327.)

When a party is already in possession, the act of retaining possession is so equivocal in its nature that equity will not

regard it as a sufficient part performance. (8 Am. & Eng. Ency. of Law, 1st ed., 744, and cases cited; 3 Sergeant & Rawle, 543; 1 Ballard's Annual on Real Property, sec. 388, and cases cited.)

Acts which are referable to something else than the verbal agreement, and which may be ordinarily otherwise accounted for, do not constitute a specific performance. (Pomeroy on Specific Performance, 154, 155; *Emmel v. Hayes,* 102 Mo. 186, 22 Am. St. Rep. 769, 14 S. W. 209, 11 L. R. A. 323.)

On the subject of part performance to take the case out of the statute of frauds, see *Howes v. Barmon,* 11 Idaho, 64, 81 Pac. 48, 69 L. R. A. 568, *Purcell v. Coleman, supra,* and cases cited in the note to *Atwood v. Cobb,* 26 Am. Dec. 661.

H. G. Redwine and F. J. Cowan, for Respondents.

The agreement was fully and completely performed in every particular, except the passing of deeds. There was a part performance entirely sufficient to make the agreement valid.

L. P. Withington and his successors in interest are estopped from claiming title to the land. (16 Cyc. 765, 768.)

SULLIVAN, J.—This is an action to quiet title to eight and four-tenths acres of land situated in the south half of the northeast quarter of section 4, township 20 north, of range 23, in Lemhi county.

Respondents answered separately, each pleading four separate defenses: (1) A denial of the allegations of the complaint; (2) the establishment of the boundary line by verbal agreement; (3) that in the year 1887, a mutual understanding was had between the defendants Baker and the predecessor in interest of plaintiff, that as soon as patents were issued by the United States to the respective claimants, for their several tracts of land, that it would be to their mutual benefit to enter into a contract to exchange certain parts of their land, making a certain road or highway the boundary, and Baker to convey to the said Withington a tract containing two and eight-tenths acres, and Withington to convey to

Baker eight and four-tenths acres of land, and a contract was entered into to that effect in the year 1890; (4) adverse possession under claim of title. The prayer of the defendants is that the plaintiff be enjoined from setting up title, and that defendant Baker be decreed to be the owner of said eight and four-tenths acres of land.

Respondent Bagley's answer shows that he is holding as tenant of respondent Baker.

Trial was had before the court without a jury, and findings and judgment made and entered against the plaintiff. A motion for a new trial was overruled. The insufficiency of the evidence to support the findings of fact is assigned as error.

The following, among other facts, are clearly established by the evidence: That one L. P. Withington, now deceased, was the husband and predecessor in interest of the appellant, Julia Fleming, and the respondent Baker occupied adjoining lands for thirty years, which land was held by them several years prior to the extension of the government survey over them.

Thereafter Withington entered the northeast quarter and the north half of the southeast quarter of section 4, township 20, range 23, in Lemhi county, as a desert claim and obtained a patent therefor from the United States on August 18, 1890.

The eight and four-tenths acres of land in dispute is a part of the land entered by Withington. Said Withington died in 1902, intestate, leaving as his heirs the appellant and several children, all of whom have conveyed their interests to the appellant, and she is now the owner thereof. Respondent Baker entered adjoining land and received a patent from the United States to the same on February 12, 1887.

In the year of 1884 or 1885, an understanding was had between said Withington and Baker that a stage road and a lane which ran across said lands should be their dividing line when they received their patents from the United States, and that when they received their patents from the United States the respondent Baker would deed to said Withington

all the land included in his said patent, which lay south of
said road; while said Withington would deed to Baker all of
the land included in his patent that lay north of said road.
And it was understood between them that the stage road
and lane should be the boundary line between their respective
lands. Such an agreement was orally entered into in 1890.
In 1884, the eight and four-tenths acres in controversy was
in a very rough and uneven condition, requiring considerable
work to prepare it for cultivation, while the two and eight-
tenths acres tract of the Baker land, lying north of said road,
was in a good state of cultivation and had been cultivated
for several years prior thereto; that during all the time these
parties resided there, they occupied and possessed said two
tracts of land as per the terms of said agreement. Said tract
of eight and four-tenths acres was inclosed in a large field
owned by Baker, and the two and eight-tenths acres tract
was in a large field owned by Withington, each exercising
acts of ownership and having possession of the said tracts ac-
cording to said agreement. Said agreement to make said
road the dividing line was recognized by said parties up to
the time of Withington's death, but no deeds or muniments of
title were passed between them. Said Withington made no
claim to that part of his tract of land on the north side of
said road and inclosed by Baker; and Baker made no claim
to that part of his land south of said road claimed by With-
ington.

After Baker took possession of said eight and four-tenths
acres tract, he removed the rocks and ridges therefrom and
placed the same in cultivation, and constructed a building
thereon of the value of $200, and leased a part of same to
respondent Bagley, who has erected a storeroom thereon of
the value of $700; and other parties have built a hotel, saloon,
barn, cellar, ice-house and hay corral upon said land. The
first claim made to this land, after said agreement was en-
tered into by Withington and Baker, was made after the
death of Withington and after the marriage of his widow,
the appellant, to another man.

It clearly appears, from the evidence in the case, that a part performance of said oral agreement in regard to making the stage road the dividing line between said tracts of land was carried out; and in fact a complete performance of that contract, excepting the passing of deeds between the parties. For nearly twenty years the said agreement has been recognized and acted upon. Said eight and four-tenths acres of land was taken possession of by the respondent Baker, who placed it in a good state of cultivation, and improvements in the way of buildings, etc., have been placed thereon, of the value of many hundreds of dollars, and so far as appears from the record, with the knowledge and consent of said Withington and his successor. It certainly would not be just and equitable to allow the appellant at this late day, under the facts of this case, to obtain a judgment as prayed for in her complaint. It clearly appears that the complete performance of said agreement was had between the parties, except the passing of deeds, and that clearly brings this case within the provisions of section 6008 of the Revised Statutes, which is as follows: "The preceding section must not be construed to affect the power of a testator in the disposition of his real property by a last will and testament, nor to prevent any trust from arising or being extinguished by implication or operation of law, nor to abridge the power of any court to compel the specific performance of an agreement, in case of part performance thereof."

By reason of the part performance of said contract, it does not come within the statute of frauds prohibiting oral sales of real estate.

We have examined the other errors assigned and find no merit in them. The judgment is affirmed, with cost in favor of the respondents.

Stockslager, C. J., and Ailshie, J., concur.