[No. 6244. Decided March 4, 1907.]

JOHN O'CONNOR et al., Respondents, v. J. W. OLIVER et al., Appellants.[1]

EJECTMENT—INJUNCTION—TO PREVENT REMOVAL OF CROP PENDENTE LITE. In an action of ejectment to recover land upon which there is a growing crop, it is not error to grant an injunction pendente lite to prevent the removal of the crop, on the allegation that the defendants in possession were trespassers threatening to remove the crop, where defendants made no showing to the contrary and they were permitted to remove the crop on the execution of a bond to the plaintiff.

FRAUDS, STATUTE OF—ORAL LEASE—RATIFICATION. An oral agreement made in May, 1904, for a lease of lands for the crop season of 1905, in consideration of two-thirds of the crop, is taken out of the operation of the statute of frauds, where it appears that the tenants took possession and seeded the land "at the proper time" and that in November, 1904, when the land was sold, the purchaser had knowledge of the oral lease, and expressly agreed that the tenants should have the use of the land under its terms for the season of 1905.

Appeal from a judgment of the superior court for Lincoln county, Warren, J., entered January 29, 1906, upon findings in favor of the plaintiffs, after sustaining an ob-

[1]Reported in 88 Pac. 1025.

jection to the introduction of any evidence on the part of the defendants, in an action to obtain possession of land and quiet title thereto.    Reversed.

*Hamblen, Lund & Gilbert*, for appellants.
*Merritt & Merritt,* for respondents.

MOUNT, J.—This action was brought by the plaintiffs to obtain possession of, and quiet title to, a section of land in Lincoln county.    The complaint alleged ownership of the land in the plaintiffs, and that the defendants are "in possession of said real estate and claim to have some right, title, or interest in and to said real estate, which said claim is unfounded, without right, and a cloud upon plaintiffs' title." On July 17, 1905, which was soon after the action was begun, the plaintiffs applied to the trial court for an injunction *pendente lite*, to prevent the defendants from removing a crop of grain then growing upon the premises.    This application was supported by an affidavit which recited, that plaintiffs purchased the said land in November, 1904; that at said time defendants were not in possession of the land, but thereafter, when defendants had knowledge that plaintiffs were the owners of the land and had notified defendants not to go upon the same, defendants, without leave or license from plaintiffs, went upon said land wrongfully and planted a crop of grain thereon, and unlawfully prevented certain tenants of plaintiffs from entering said land and cultivating the same; that defendants threaten to remove and sell the said crop of grain and to do waste upon said land, and that defendants are insolvent and could not respond in damages, and that an emergency exists for an injunction.

Upon filing this application, the court granted a temporary restraining order, and fixed July 25, 1905, as the time when defendants should appear and show cause why an injunction should not be granted *pendente lite*.    The defendants appeared on July 25, 1905, but made no showing against

the application for an injunction, and no further showing was made by the plaintiffs. The court thereupon entered an order restraining the defendants from removing the growing crop of grain or interfering with the possession of the plaintiffs pending the suit; but at the same time and in the same order provided that the defendants might enter upon the land and harvest and remove the growing crop by executing a bond in favor of the plaintiffs in the sum of $12,000, to cover all damages to plaintiffs, and also provided that the severing and removing of the growing crop of grain by defendants should not be considered as a recognition of tenancy or as changing the nature of the growing crop, which should be considered upon the final trial of the case as an immature growing crop upon the land. The defendants thereupon filed a bond, as required by the order, and thereafter harvested the crop of grain and removed the same to warehouses not on the premises.

Thereafter in January, 1906, defendants filed their answers, admitting that plaintiffs were the owners of the lands and that defendants were in possession thereof at the time the action was begun, but denying that plaintiffs were entitled to possession thereof; and denied that defendants claimed any interest in the land except a leasehold interest for the crop season of 1905. As an affirmative defense, the defendants also alleged, in substance, that, in the month of May, 1904, one John Enos, who was the owner of the land in question at that time, orally leased the said land to defendants for the farming season of 1905, for a rental of one-third of the crop produced thereon for said year; that pursuant to said agreement "and at the proper time," defendants took possession of the lands, cultivated and seeded the same to grain, and ever since have been in possession thereof, and have now harvested the said grain and have the same in their possession; that after said oral lease was made, said Enos informed the plaintiffs thereof, and that plaintiffs

purchased the said land from said Enos with full knowledge and with the express understanding and agreement that defendants should have the possession and use of said lands during the crop season of 1905; that during the crop season of 1905, plaintiffs had notice that the defendants were in possession of said land, cultivating and seeding the same, and gave defendants no notice to quit the possession of said premises.

Plaintiffs filed a reply which was a denial of the new matter set up in the answer, and which contained affirmative matter which is immaterial to the questions presented on this appeal. Thereafter the case came on for trial before the court without a jury. Plaintiffs proved that they purchased the land from John Enos on November 5, 1904, and on that day Enos executed a deed of general warranty to the plaintiffs. Plaintiffs then produced evidence to the effect that thereafter they leased the land to certain tenants who were prevented by defendants from taking possession of the land. Plaintiffs then rested, and defendants called a witness to prove the allegations of the answer, when plaintiffs objected to any evidence on the part of the defendants, on the ground that the answer failed to state a cause of action. This objection was sustained by the trial court. Defendants stood upon the allegations of the answer. Whereupon the court made findings and entered a judgment in favor of plaintiffs, for possession of the land and the grain grown thereon, and quieted title in the plaintiffs.

The appellants argue that the court erred, (1) in granting the injunction *pendente lite*, (2) in finding that the plaintiffs were entitled to possession of all the grain produced upon the land, and (3) in refusing to receive evidence upon the defendants' answer. We think there is no merit in the first contention. The second contention depends upon the right of the defendants to possession of the land for the crop season of 1905. If defendants were rightfully in possession

of the land, they were entitled to two-thirds of the grain grown thereon; otherwise, they were entitled to none of it. Respondents contended in the court below, and contend here, that the lease made with Enos in May, 1904, for the crop season of 1905, was void because it was an oral lease for a period of more than one year without monthly or periodic rent reserved. The answer alleges that in May, 1904, by oral agreement with John Enos who then owned the land, the defendants leased the land for the crop season of 1905, for one-third of the crop to be raised thereon; that at the proper time defendants entered upon and seeded said land; that at the time of the purchase of the land from Enos, which is conceded to have been on November 5, 1904, the plaintiffs had knowledge of the oral lease, and purchased with the express agreement that defendants should have the use and possession of the land for the season of 1905 on the terms stated; and that defendants, without objection from plaintiffs, took possession and seeded the land.

It was conceded at the trial that the crops were not harvested before August or the 1st of September, 1905. If we concede that the oral agreement or lease made in May, 1904, could not be enforced under the statute because it ran from that time until September, 1905, which was more than one year, and if we concede that the allegation that defendants took possession "at the proper time" is not an allegation that defendants took immediate possession, still there is sufficient in the answer to take the contract out of the statute, because it is alleged that on November 5, 1904, when plaintiffs purchased the land, they purchased with the understanding that defendants should have possession for the crop season of 1905, and that defendants took possession of and seeded the land without objection from plaintiffs. If it is true that plaintiffs agreed in November, 1904, that defendants might till the land for the season of 1905, such agreement, if not a new lease beginning at that time, was a subsequent ratifi-

cation of the lease made by Enos, and was not then within the statute, because it was for a period of less than one year, with rent reserved at the end of the period. If it is true that plaintiffs had knowledge of the lease before defendants took possession, and did not notify defendants not to take possession thereunder, and defendants were permitted to go upon the land in pursuance of the agreement, and were permitted to plow and seed the land, plaintiffs could not after that time terminate the lease and profit by the labor and expense of the defendants. If Enos had kept the land and had permitted the defendants to take possession of the same, at the time the oral lease was made in May, 1904, or in the spring of 1905, without objection, and had permitted defendants to plow and seed the land and produce a crop thereon and harvest the same, certainly Enos would not be permitted to recover the whole of the crop after it had been gathered, by reason of the fact that the original lease was void at the time it was made. Nor would he be permitted to eject the defendants after they had planted a crop. The statute was not intended to accomplish such results. On the other hand, the statute was intended to avoid fraud. These plaintiffs stood in the place of Enos. Their rights are no greater than the rights of Enos had he kept the land, and if the allegations are true that plaintiffs purchased with notice and knowledge of the agreement, and stood by without objection and permitted the defendants to expend time and money in seeding the land, they certainly cannot be permitted to reap the fruits of defendants' labor. There can be no doubt that the answer stated a defense entitling the defendants to possession of the land until the crop was gathered. The rule applicable to the facts in this case was stated in *Watkins v. Balch*, 41 Wash. 310, 83 Pac. 321, where we said:

"An oral lease, therefore, where possession of the property has been taken, is not void in toto, but it may not be a lease for the term agreed upon. If the rent reserved is to be paid

periodically it is a lease good for one of such periods, but subject to be terminated at the end thereof, or at the end of any other of such periods. Thus, under the statute, where one enters into the possession of real property under an oral lease for a definite time with periodic rent reserved, he is not a tenant for the time agreed upon, but a tenant from period to period, corresponding to the times on which rent is payable."

In the case of farm lands, where rent is payable out of the crop when gathered, the end of a period would be the time when rent is payable. The court, therefore, erred in refusing to receive evidence in support of defendants' answer.

The cause is therefore reversed and remanded for a new trial.

HADLEY, C. J., FULLERTON, and RUDKIN, JJ., concur.

CROW and ROOT, JJ., took no part.