[No. 22105. Department Two. January 28, 1930.]

JOHN LAUTENSCHLAGER, *Appellant*, v. EDGAR W. SMITH et al., *Respondents*.[1]

*Pickrell & Stotler,* for appellant.

*Hanna, Hanna & Wilkinson,* for respondents.

MITCHELL, C. J.—The plaintiff sued to recover damages for alleged unlawful eviction from several tracts of agricultural lands, all of which are situated in township 18 north range 40 E. W. M., Whitman county, Washington.

The complaint alleges in substance that, in May, 1927, the plaintiff, John Lautenschlager, was a tenant, under an oral lease expiring October 1, 1927, in.possession of section 27 and about 300 acres in section 28 and about 100 acres in another tract in section 28; also at that time he was a tenant holding over under a written lease and was in possession and entitled to possession until October 1, 1927, of section 33 and about 100 acres situated in what was commonly known as "the cove" in section 34; and also at that time he was a tenant and in possession of the east half and the east half of the west half of section 34. (The indefiniteness in some of the above descriptions is found in the pleadings and proof all through the case.)

The complaint further alleges that, from May, 1927, to and including the month of September, 1927, the defendants ousted, expelled and removed plaintiff from the lands above described and refused to let him reenter, thereby causing him damage in the sum of $2,550, in which amount he demanded judgment against the defendants and each of them.

The defendants, answering jointly, denied all the allegations of the complaint and interposed several affirmative defenses and counterclaims.

Upon the trial of the case to a jury, at the close of the evidence on behalf of the plaintiff, the defendants challenged the sufficiency of the evidence to sustain any verdict in favor of the plaintiff, and moved for a

judgment of dismissal, agreeing for that purpose to a voluntary nonsuit as to their counterclaims. The motion was granted. The plaintiff has appealed from a judgment of dismissal, although he confessed the separate motion of defendant MacKenzie to dismiss the action as to him.

Appellant got possession of the east half and the east half of the west half of section 34 in March, 1926, by written lease from the owner, the Union Trust Company of Spokane, for a term expiring January 1, 1928. In August, 1926, the Union Trust Company of Spokane sold the land to respondent Edgar W. Smith and, at the same time, assigned to him all its rights under the written lease with the appellant. During the summer of 1926, appellant summer-fallowed the land for growing wheat, and later sowed a portion of it to winter wheat.

In October of that year, he sold certain of his rights as tenant to one Hargrave and appellant's son in-law Konshuk, and, at the same time, moved off the premises for good, as he testified, except to come back the following summer and harvest wheat. Konshuk was living in one of the houses on this land, and Hargrave moved into another one on the land upon appellant's moving out upon making the sale to Hargrave and Konshuk. In the early summer of 1927, Hargrave sold all his rights to respondents Hayes and delivered possession to them, and, about the same time, Konshuk sold his interest in the growing wheat to appellant, and thereafter the appellant and Hayes harvested the wheat and divided it according to their respective rights in the year 1927. Thereafter the Hayes' continued in possession under arrangements they had made with the owner, Smith, and did nothing whatever to evict the appellant. The appellant, upon selling out part of his interests as tenant of the prop-

erty, voluntarily surrendered possession and moved off the place in 1926, reserving the right, as already stated, to return in 1927 to harvest the wheat.

The same may be said as to section 27. Appellant, who had been growing wheat upon that land, sold out all his rights as a tenant to Hargrave and Konshuk in 1926 and, after buying back Konshuk's interest in the crop of wheat in 1927, he went back and harvested it. That ended his rights to possession of that land, and there was no eviction by the respondents or anyone else.

Appellant, as a tenant, had raised wheat for a number of years on certain lands in sections 28 and 33 prior to 1926. In 1925 he sold all his interest as tenant in those two sections and voluntarily quit possession, and thereafter, as we understand the proof, acquired no right of possession in any part of those two sections other than what is spoken of as a 550-acre field in which he sold his interest as a tenant to Muir and Prince in 1925. This 550-acre field consisted of about 150 acres in section 28 and about 400 acres adjoining it on the south in section 33. When he sold his interest to Muir and Prince in 1925, possession was delivered to them with the consent of the owner of the land. Edgar W. Smith became the owner of these two sections in 1925 and has owned them at all times since. Muir and Prince's rights as tenants expired October, 1926.

There is substantial testimony in this case to show that, by oral agreement with Edgar W. Smith through an accredited agent, appellant became entitled to the possession of the 550-acre tract at the conclusion of the tenancy of Muir and Prince for the purpose of growing wheat, and that, pursuant to that oral agreement, appellant was let into possession of the tract. He testified that, upon making the oral agreement, he put

his stock, consisting of some 35 head, on the premises, with the knowledge and consent of the owner, in the spring of 1927, and that, in the summer of that year, he summer-fallowed the land preparatory to sowing first winter wheat and thereafter spring wheat, and that, about or just prior to October 1, 1927, the respondents Hayes, under authority of the owner of the property, took possession of the 550-acre tract, drove appellant's stock therefrom and thereafter kept appellant out of possession.

The evidence shows that the 550-acre tract in question had no residence upon it or used in connection with it, and that, in putting stock upon it and summer-fallowing it, the appellant took about as complete possession of it as he could. After testifying that, under the oral lease, he put his stock in there in the spring of 1927, he further testified as follows:

"Q. What, if anything, did you do towards taking possession of this Muir and Prince land in 1927 other than putting your stock in there? A. We summer-fallowed it."

This we think was a sufficient part performance to take the oral lease out of the operation of the statute of frauds and to make the lease valid. *Matzger v. Arcade Building & Realty Co.*, 80 Wash. 401, 141 Pac. 900, L. R. A. 1915A 288.

As to the remainder of the land mentioned in the complaint, viz, the west half of the west half of section 34, it is sufficient to say, without detailing the facts disclosed by the testimony in the case, that, as we understand the proof, the appellant voluntarily surrendered his rights to the possession of that property and was in no way ejected or ousted therefrom by respondents or any of them.

Appellant complains of the ruling of the trial court

on the question of costs incurred in that court. We are not disposed to disturb the ruling in that respect.

There was no testimony to sustain any verdict or judgment against C. L. MacKenzie and the nonsuit provided for in the judgment so far as he was concerned was correct.

The judgment, so far as it grants the motion to dismiss the action as to the 550-acre field, spoken of as the Muir and Prince tract, situated in sections 28 and 33, is reversed. In all other respects, it is affirmed. Neither party will recover costs in this court.

FULLERTON, MAIN, FRENCH, and HOLCOMB, JJ., concur.

