[No. 23299. Department One. February 17, 1932.]
GENERAL PETROLEUM CORPORATION OF CALIFORNIA,
*Appellant*, v. HARRY WRIGHT'S, INC.,
*Respondent.*[1]

*Bogle, Bogle & Gates,* for appellant.

*Lee C. Delle* and *Chadwick & Chadwick,* for respondent.

HERMAN, J.—Plaintiff seeks by this action to recover from defendant the sum of $780 rental under the terms of a written lease, $612.72 for goods, wares and merchandise sold by plaintiff to defendant, and the foreclosure of plaintiff's landlord's lien upon certain personal property of the defendant located upon the premises covered by the lease.

Defendant, by its answer to the amended complaint, admitted it was indebted to plaintiff in the sum of $780 for unpaid rental and the sum of $612.72 for goods, wares and merchandise sold by plaintiff to defendant. By way of an affirmative defense and counterclaim, defendant alleged, in substance, that, on the

[1]Reported in 8 P. (2d) 291.

fourth day of January, 1929, a written lease for more than one year was entered into between plaintiff and defendant, which lease was not acknowledged, as required by law; that the plaintiff required of defendant the payment in advance of the sum of $1,560, which sum defendant paid, it being agreed that, if defendant faithfully performed all the obligations required of it by the lease, this amount should be applied by plaintiff on the last six months rental thereunder; otherwise the $1,560 to belong to plaintiff as part of the consideration for the lease.

Defendant also alleged that, pursuant to written notice theretofore given, defendant surrendered the leased premises to plaintiff on August 15, 1930, and that, by reason of the failure and neglect of plaintiff to execute and deliver to defendant a good and valid lease, there was a failure of consideration for the payment of the $1,560, and that defendant was entitled to the repayment thereof, with interest thereon from January 4, 1930.

Plaintiff filed a reply, and issues were joined. The cause came on for trial before the court, and resulted in judgment for defendant in the sum of $167.28 and interest. Plaintiff appeals.

■ The principal question to be here determined is whether respondent, the lessee under an unacknowledged written lease for the duration of more than one year, can recover on its counterclaim the sum of $1,560, payment of which was required by appellant under the terms of the written lease.

The testimony shows that an unacknowledged written lease was entered into between appellant and respondent January 4, 1929. Respondent took possession of the leased premises January 15, 1929. By the terms of that lease, appellant leased property to respondent for fifty-seven months, beginning January

15, 1929, at a monthly rental of $260. At the time the lease was made, appellant acknowledged the receipt of $267.84 and a promissory note in the principal sum of $1,292.16, signed and delivered by respondent as further consideration for the execution of the lease. On the same date the note was delivered, respondent wrote to appellant:

"You are hereby authorized to deduct from all commissions now or hereafter due us under our agency agreement with you, the sum of one cent per gallon until the demand promissory note in the sum of $1,-292.16, executed and delivered to you this date, has been paid in full with interest, and to apply the same thereon."

In accordance with the authorization contained in the foregoing letter, appellant, until May 29, 1929, applied upon a reduction of the principal of the promissory note part of the commissions allowed respondent for selling gasoline at the leased premises. Thereafter, all payments on the note were made in cash. April 5, 1930, respondent made a final cash payment, paying the principal of the note in full. No interest was charged or collected on the note.

Respondent admitted having received goods, wares and merchandise of the value of $612.72, for which it had not paid, and admitted that no monthly rental had been paid for the last three months of respondent's occupancy, making the total unpaid rental $780. Appellant at all times complied with all the obligations of the lease to be by it performed. In our opinion, the testimony establishes the fact that, on several occasions subsequent to the execution of the lease, appellant offered to have it acknowledged.

February 21, 1930, respondent executed and delivered to E. L. Bishop and O. H. Bishop a written assignment of the lease of January 4, 1929, above re-

ferred to. About the same time, respondent sold the personal property of the leased premises to the Bishops, who operated a service station thereon until the early part of July, 1930, when, those purchasers having failed to make the payments required of them, respondent resumed the occupancy of the leased premises and the operation of the service station.

February 19, 1930, appellant and respondent executed an instrument designated "consent to assignment," which contained, among others, a provision that the consent to the assignment should not release the respondent from full performance of the terms and conditions of the lease. This consent to assignment was signed by both appellant and respondent, and the signatures of the officers of both corporations were duly acknowledged.

There is in that paragraph numbered 1 of the lease entered into January 1, 1929, between appellant and respondent, a statement of the purpose of the payment of $1,560 by respondent. It is as follows:

"Lessor hereby acknowledges receipt of the sum of $267.84 and a promissory note in the principal sum of $1,292.16 signed by the lessee payable on demand as further consideration for the execution of this lease, which sum and note are not and shall not be deemed any part of the rent reserved. If the lessee shall have fully and faithfully performed each and every obligation on its part to be performed hereunder and have paid said note on demand, the total sum of $1,560 thus so paid shall be applied upon the last six months rental of this lease, but otherwise said sum and said note and/or said sum of $1,560 shall belong to the lessor as part of the consideration of this lease."

A similar provision was contained in a lease which was construed in the case of *Dutton v. Christie,* 63 Wash. 372, 115 Pac. 856. In that case, the plaintiff sued for unpaid rentals and water charges due from

defendants upon a lease granted defendants by the plaintiff. The defendants claimed they were entitled to judgment for $439.10, being the difference between the advance payment of $1,500 and $1,060.90, the amount of the unpaid rent and water rate. The trial court found for the plaintiff, and in affirming the judgment this court said:

"Does the added stipulation that this payment shall, in the event of full performance of the contract by the second parties, 'be credited in payment of the rent for the last two months of said term; but otherwise said payment this day made shall belong to the first parties as a part of the consideration to them for the execution of this lease,' change the nature of this payment from consideration to penalty? We think not. It is declared to be a part of the consideration in the beginning, and this clause reiterates the same thing. In both instances the ownership of the respondent therein is affirmed. This is not changed by his agreement to apply this sum in payment of the rent for the last two months of the term in the event of the appellants fully performing their contract. It was only by that performance that they could assert any claim upon this money. They must earn it. . . . The fact that the respondent was willing to forego $1,500 of the consideration of the lease in order to encourage the faithful performance of their covenants by the appellants is no good reason, either in law or in morals, for penalizing him in that amount for their failure to perform. The money was not deposited as a security. There was merely a stipulation that it should be applied in payment of rent upon a condition which has never been performed; upon a contingency which has never arisen, and now cannot arise by reason of the appellants' voluntary abandonment of the leased premises."

In the case of *Matzger v. Arcade Building & Realty Co.*, 80 Wash. 401, 141 Pac. 900, L. R. A. 1915A 288, the court said:

"This court has never held that the payment for the entire term in advance and of the full rent reserved

is a requisite to the upholding of an unacknowledged lease or even of an oral lease. On the contrary, it is fairly borne out by our own decisions that the taking of possession by the lessee and the payment of a part of the consideration or performance of work as a part of the consideration, if such payment or work is a part of the consideration inducing the lease and going to the entire term in addition to the rental to be paid at stated periods throughout the term, constitutes such part performance as to sustain the lease for the entire term. While never announcing the foregoing in so many words, a consideration of our own decisions will show that these elements have largely entered into them and not the single element of improvements made by the tenant increasing the rental value. *McGlauflin v. Holman,* 1 Wash. 239, 24 Pac. 439; *Schulte v. Schering,* 2 Wash. 127, 26 Pac. 78; *O'Connor v. Oliver,* 45 Wash. 549, 88 Pac. 1025; *Northcraft v. Blumauer,* 53 Wash. 243, 101 Pac. 871, 132 Am. St. 1071; *O'Connor v. Enos,* 56 Wash. 448, 105 Pac. 1039.''

In view of the decisions of our court above mentioned, we hold that, in the case at bar, the lessee was entitled to a return of the $1,560, which was paid as a further consideration for the execution of the lease, only upon a showing by the lessee that it had fully and faithfully performed each and every obligation on its part to be performed under the lease. The sum of $1,560 did not constitute a penalty to be forfeited by the lessee for failure to comply with the conditions of the lease, but was, rather, a consideration for the execution of the lease, to the refund of which the lessee would be entitled in the event that it earned such refund by complying with all the terms of the lease. Respondent, not having complied with all the conditions and terms of the lease, is not entitled to set off the $1,560.

The judgment of the trial court is reversed, and the cause is remanded with directions to enter judgment

for appellant for $780 on the first cause of action; to adjudge that appellant has a landlord's lien to the extent of $520, and to decree the foreclosure of that landlord's lien and the sale of respondent's personal property, or so much thereof as may be necessary, to satisfy appellant's lien; to enter judgment for appellant in the sum of $612.72 on the second cause of action; and to dismiss respondent's counterclaim.

TOLMAN, C. J., MITCHELL, BEELER, and PARKER, JJ., concur.

## ON REHEARING.

[*En Banc.* June 7, 1932.]

PER CURIAM.—Upon a rehearing *En Banc,* the court adheres to the Departmental opinion heretofore filed herein. Reversed and remanded in accordance therewith.