(No. 6388.  July 23, 1937.)

LOUESA FRY, Respondent, v. W. H. WEYEN, Appellant.

[70 Pac. (2d) 359.]

Feeney, Belknap & McQuade, for Appellant.

Murray Estes and Latham D. Moore, for Respondent.

GIVENS, J.—Respondent's amended complaint alleged her ownership of certain real property, oral crop share lease thereof October 1, 1934, for three years to appellant; his occupancy of the premises during the crop season of 1935; service of notice in writing on him August 31, 1935, to deliver possession by October 1, 1935, and his subsequent refusal so to do, with prayer for eviction.

Appellant's answer admitted respondent's ownership and the lease; denies all the other allegations and under a denominated further, separate and affirmative defense as a cross-defendant alleges after reiterating that the lease was for three years, as follows:

" . . . . that the plaintiff stated to defendant that he should go upon the said premises and occupy the same for a period of three years and that he should begin farming operations and that she would furnish him, at a later date, with a written copy of a lease; that thereupon defendant relying upon the representations of the plaintiff purchased additional equipment and supplies and made farming plans based upon a three year tenure of the premises; that on or about the first day of October, 1934, he entered upon said premises and took possession of the same and plowed, tilled, and seeded the premises in the fall of 1934 and during 1935 still continued to occupy and farm the said premises under and by virtue of the said lease; that the defendant during his occupancy has repaired fences on said premises and has spent much time, labor, and money in the conduct of farm opera-

tions and in carrying out and improving said premises; that the plaintiff made no attempt to annul or rescind said lease until about the month of August, 1935, and defendant continued to operate under said lease and is now and ever since has been willing to do so.''
praying dismissal of respondent's complaint.

It is unnecessary to pass upon appellant's contention that the notice to quit was not served in accordance with the statute (I. C. A., sec. 9–304) as appellant admits and the record shows he personally received the notice August 31, 1935. (*Wilson v. City of Trenton*, 53 N. J. L. 645, 23 Atl. 278, 16 L. R. A. 200; *Alworth v. Gordon*, 81 Minn. 445, 84 N. W. 454; *Candler v. Mitchell*, 119 Mich. 464, 78 N. W. 551; *Hardebeck v. Hamilton*, 268 Fed. 703, 50 App. D. C. 113; *Ewing v. O'Malley*, 108 Mo. App. 117, 82 S. W. 1087.)

It is respondent's theory that the lease being for more than one year and not being in writing, created the relationship of tenancy from year to year and it being agricultural lands, under the statute (I. C. A., secs, 16–503, 16–504) the landlord after 30 days' notice given prior to the expiration of the year, as it was, is entitled to repossession of the property sued for, in her action herein for unlawful detainer.

Appellant's present defense is asserted partial performance thereby taking the lease out of the operation of the statute under I. C. A., sec. 16–504, *supra*. In support of his position appellant relies on the following testimony: (Weyen on direct examination)

"A. Well, first I went and invested in a tractor and more machinery, and I went to work and everything—

"Mr. MOORE: Oh, we object to this Your Honor, as incompetent, irrelevant and immaterial. It is not within the issues.

"The COURT: The witness has perhaps exceeded the question.

"Mr. FEENEY: I think counsel's relief is to have it stricken.

"The COURT: He has a right to protect his record.

"A. Everything went along nice, and I farmed the place the whole year.

"Q: State what if anything you did about plowing during 1934?

"A. Well, I farmed practically the whole thing.

"Mr. ESTES: We object to this as incompetent, irrelevant and immaterial.

"The COURT: The defendant may show that he has had quiet possession of the premises for the space of one whole year before the commencement of the proceedings, and that will be the extent of the affirmative defense.

"Mr. FEENEY: In the absence of the jury, I want to make a tender.

(Jury admonished—excused.)

"The COURT: It having been shown and admitted that this period of possession was for less than one year, I don't know why we should have had a jury in here. I believe the court was in error in ruling as it did, to permit this evidence, and also not to act upon the motion, or acting as the court indicated first, for judgment on the pleadings, because the pleadings and the admission of the defendant here himself, clearly shows that it doesn't come under Sec. 9–314. I want you to have a ruling upon this so it will be clear and you will have an opportunity to take it to the appellate court.

"Mr. FEENEY: You haven't ruled yet, Your Honor. The defendant tenders in evidence, and states that the defendant Weyen, if permitted to testify, would testify that he went upon these premises on or about October 3d or 4th, 1934, that he occupied said premises without complaint on the part of the landlord for a period up and to the time he was served with written notice to quit, and that during that time he farmed, plowed, tilled and seeded the premises in the fall of 1934—

"The COURT: What time in 1934?

"Mr. FEENEY: In the fall of 1934. Further he will testify that he had repaired fences, spent considerable time and money in the repair of the fences, that he summer-fallowed forty-five acres of land during 1935, that he made permanent improvements on the premises in the way of repairs, that he purchased machinery he otherwise would not have purchased

on account of relying upon the lease, and that he has in the fall of 1935, plowed and seeded the premises—

"Mr. MOORE: That was after the notice was served though, wasn't it?

"Mr. FEENEY: Yes. Further, if Mrs. Weyen were permitted to testify she would corroborate in all respects the testimony of the defendant, W. E. Weyen. If the Court please, we tender that proof.

"Mr. MOORE: If the Court please, we object to it on the ground it isn't admissible under the pleadings on any theory except on the theory that they are seeking relief by way of specific performance. We really feel that the purchase of machinery is not sufficient to allow an action on specific performance. The defendant is not damaged in any way that he has not an adequate remedy at law.

"The COURT: Upon the ground stated by the attorneys in their motion I believe, for judgment on the pleadings—

"Mr. MOORE: I believe we will withdraw that. I believe there was a question of fact, and we request a directed verdict in the case upon the admissions in the evidence.

"The COURT: Well, at this time I am simply trying to get the record in shape so it may be properly considered by another court. There is no question I think, as to what my ruling will be eventually in this matter, but I shall have to entertain some motion under the proceedings as they are at present, in order that all parties may be put in proper condition. I think the objection to this testimony is good. It seems to me there is only one question in the case, and I will rule upon it in whatever manner you gentlemen please—that is, make a ruling that will fully protect all parties if they wish to take the matter before another court. It seems to me under the testimony and pleadings, the only real question is the question of the sufficiency of this notice that was given, whether that notice is sufficient. I have ruled, and am inclined to believe it was sufficient. I believe there is a continuing objection. I stated that the objection heretofore made with reference to this class of testimony now being introduced might be considered as continuing, and either upon that continuing objection or upon another objection by the

plaintiff in the case the court could make a ruling upon the objection desired. I think I shall call the jury in, and the question can be asked, and I will rule as suggested. With respect to the offer of proof, under the pleadings it will be denied, and an exception granted.''

■ Conceding that section 16–504, *supra*, justified in an action for unlawful detainer, the interposition of the defense of part performance, there are two reasons why it does not avail appellant herein; first, allowing the utmost liberality in pleading part performance under the statute, I. C. A., sec. 5–807; *Weed v. Idaho Copper Co.*, 51 Ida. 737 at 759, 10 Pac. (2d) 613, the answer does not set forth the terms of the lease and therefore it is impossible to determine what is part performance, nor does the answer set up the defense of part performance by detailing the facts or general terms, and considering the numberless provisions which might be contained in a crop share lease, 17 C. J. 382; 36 C. J. 682 et seq., even though as appellant contends there is an issue of fact which should have been submitted to the jury, it would have been impossible for the court to instruct the jury what, under the terms of the lease, because not pleaded or introduced in evidence, would have amounted to part performance. ˙ True respondent admitted and appellant showed occupancy and performance of work, but there is nothing to show the work done amounted even to partial performance under the lease and quite evidently this point was within the scope of respondent's objection and the basis in part of the court's sustaining it, namely:

''Mr. MOORE: If the Court please, we object to it on the ground it isn't admissible under the pleadings on any theory except on the theory that they are seeking relief by way of specific performance. We really feel that the purchase of machinery is not sufficient to allow an action on specific performance. The defendant is not damaged in any way that he has not an adequate remedy at law.''

■ Thus as to pleading and evidence appellant failed to make a case:

''However, the ban of the statute may be escaped by part performance. The doctrine of part performance has fre-

quently been invoked (and sustained by this court) by lessees against lessors. (*McGlauflin v. Holman,* 1 Wash. 239, 24 Pac. 439; *Schulte v. Schering,* 2 Wash. 127, 26 Pac. 78; *O'Connor v. Oliver,* 45 Wash. 549, 88 Pac. 1025; *Northcraft v. Blumauer,* 53 Wash. 243, 101 Pac. 871, 132 Am. St. 1071; *Zinn v. Knopes,* 111 Wash. 606, 191 Pac. 822; *Lautenschlager v. Smith,* 155 Wash. 328, 284 Pac. 87; *Himpel v. Lindgren,* 159 Wash. 20, 291 Pac. 1085; *Matzger v. Arcade Building & Realty Co.,* 80 Wash. 401, 141 Pac. 900, 903, L. R. A. 1915A, 288.)   In the latter case it is said:

'  . . . . It is fairly borne out by our own decisions that the taking of possession by the lessee and the payment of a part of the consideration or performance of work as a part of the consideration, if such payment or work is a part of the consideration inducing the lease and going to the entire term in addition to the rental to be paid at stated periods throughout the term, constitutes such part performance as to sustain the lease for the entire term.' "   (*Rowland v. Cook,* 179 Wash. 624, 38 Pac. (2d) 224 at 225, 101 A. L. R. 180; *Himpel v. Lindgren,* 159 Wash. 20, 291 Pac. 1085; 13 C. J. 693, sec. 787, notes 5 and 6; 13 C. J. 727; 13 C. J. 753; 36 C. J. 644; *Fleming v. Baker,* 12 Ida. 346 at 350, 351, 85 Pac. 1092; *White Star Coal Co. v. Pursifull,* 186 Ky. 697, 217 S. W. 1020; *Browder v. Phinney,* 30 Wash. 74, 70 Pac. 264; *Dixon v. Dalton,* 158 Okl. 178, 12 Pac. (2d) 1108; *State v. U. S. Fidelity & Guaranty Co.,* 144 Or. 535, 24 Pac. (2d) 1937; *Kelley v. Hance,* 108 Conn. 186, 142 Atl. 683; *National Life & Acc. Ins. Co. v. Hamilton,* 170 Tenn. 612, 98 S. W. (2d) 107.)

■   If this evidence was introduced to show damages, it was under the previous holdings of this court not admissible as a defense in an unlawful detainer action. (*Hunter v. Porter,* 10 Ida. 72, 77 Pac. 434; *Wolter v. Dixon,* 29 Ida. 26, 157 Pac. 250; *Obermeyer v. Kendall,* 38 Ida. 283, 220 Pac. 751; *Richardson v. King,* 51 Ida. 762, 10 Pac. (2d) 323, and others to the same effect: Bancroft Code Practice and Pleading, vol. 4, p. 4208, sec. 3227; 36 C. J. 648, sec. 1852, notes 95 and 97; *Rydell v. Beverly Hills Printing & Publishing Co.,* 88 Cal. App. 216, 262 Pac. 818; *Inman v. Schecher,* 86 Cal.

App. 193, 260 Pac. 605; *Servais v. Klein,* 112 Cal. App. 26, 296 Pac. 123; *Frasier v. Witt,* 62 Cal. App. 309, 217 Pac. 114; *Arnold v. Krigbaum,* 169 Cal. 143, 146 Pac. 423, Ann. Cas. 1916D, 370; *Chase v. Peters,* 37 Cal. App. 358, 174 Pac. 116; *Schubert v. Lowe,* 193 Cal. 291, 223 Pac. 550; *Knight v. Black,* 19 Cal. App. 518, 126 Pac. 512; *Borden v. Sackett,* 113 Mass. 214; *McSloy v. Ryan,* 27 Mich. 110; *Peterson v. Kreuger,* 67 Minn. 449, 70 N. W. 567.) Others hold to the contrary under statutory provisions. (*240 West 37th Street Co. v. Lippman,* 241 App. Div. 529, 272 N. Y. Supp. 739; *Harfried Realty Co. v. Spuyten Amusement Co.,* 150 Misc. 904, 270 N. Y. Supp. 692; *165 Broadway Realty Corp v. Weber & Heilbroner,* 143 Misc. 672, 256 N. Y. Supp. 805; *Myles v. Strange,* 226 Ala. 49, 145 So. 313.)

The early Washington cases cited in *Hunter v. Porter, supra,* fully sustain our position that damages cannot be litigated under a counterclaim or cross-complaint in an unlawful detainer action, *Ralph v. Lomer,* 3 Wash. 401, 28 Pac. 760, and *Phillips v. Port Townsend Lodge No. 6,* 8 Wash. 529, 36 Pac. 476, and they have been followed in the following cases: *Whitney v. Spratt,* 25 Wash. 62, 64 Pac. 919, 87 Am. St. 738; *Carmack v. Drum,* 27 Wash. 382, 67 Pac. 808; *Wusthoff v. Schwartz,* 32 Wash. 337, 73 Pac. 407; *Hutchinson v. Wilson,* 54 Wash. 410, 103 Pac. 474; *Monroe v. Stayt,* 57 Wash. 592, 107 Pac. 517, 30 L. R. A., N. S., 1102. In *Andersonian Inv. Co. v. Wade,* 108 Wash. 373, 184 Pac. 327, the court declared this rule "too broad as a rule of uniform application," and held where a tenant acquires possession lawfully and it is sought to oust him because of his subsequent acts, he may defend by setting up any defense which will justify his acts, whether legal or equitable, and in *Taylor v. Basye,* 119 Wash. 263, 205 Pac. 16, the court permitted the defense of an arbitration because it went to a showing of possession. *Andersonian Inv. Co. v. Wade, supra,* was followed in *Income Properties Investment Corp. v. Trefethen,* 155 Wash, 493, 284 Pac. 782, which criticizes *Hunter v. Porter, supra,* as having "unduly extended the application of our early decisions"; and in *Himpel v. Lindgren, supra,* cited by appellants, which in turn cited in addition to *Andersonian Inv. Co. v. Wade, supra,* and *Income Properties Investment Corp. v.*

*Trefethen, supra, Brown v. Baruch,* 24 Wash. 572, 64 Pac. 789, which does not appear to be under an unlawful detainer statute, and *Teater v. King,* 35 Wash. 138, 76 Pac. 688, wherein the defendant was allowed to defend and show whether the plaintiff had taken the premises in question with notice of and subject to a lease for a definite term to the defendant. *Himpel v. Lindgren, supra,* has not been followed on this point. On the other hand the early Washington cases have been cited and followed in other states, *Frasier v. Witt, supra; Arnold v. Krigbaum, supra; Bekins v. Trull,* 69 Cal. App. 40, 230 Pac. 24; *Joe Chung v. Louie Fong Co.,* 130 Wash. 154, 226 Pac. 726, as to damages. We therefore adhere to the rule in *Hunter v. Porter, supra.*

At the close of the case, respondent moved for a nonsuit "on the alleged affirmative defense set forth by the defendant, and also moves for a directed verdict in favor of the plaintiff upon the ground and for the reason that there is no disputed evidence before the jury," and the court ruled:

"The COURT: Gentlemen, based upon the pleadings in the case and the proof as far as submitted, the Court refuses the offer of testimony made during the absence of the jury, and will direct a verdict as asked, in favor of the plaintiff in the case. You may hand this verdict to the jury, Mr. Bailiff. This has gone out entirely on a question of law, gentlemen, and you may just have Mr. Peterson act as foreman of the jury and sign the verdict for the plaintiff, that she is entitled to possession of the premises described in the complaint. . . . ."

The issues in this action thus being limited to the right of respondent to recover possession this portion of the judgment should be stricken:

"It is further ordered, adjudged and decreed that the defendant or any person claiming by, through or under him be and they are hereby forever barred and restrained from asserting any right or title to or interest in or lien or claim upon the above entitled lands and premises or any part or portion thereof under or by virtue of any agreement heretofore entered into between plaintiff and defendant."

All of appellant's assignments of error revolve around the above features of the case which are therefore, aside from the

question of service of notice disposed of above, fully determinative of the case.

Judgment affirmed as modified. Each party to pay the costs of his own brief and one-half of the other costs on appeal.

Morgan, C. J., and Ailshie, and Budge, JJ., concur.