SADIE O'R. McKENNA, appellant,

*v,*

HARRINGTON COMPANY, respondent.

[Decided October 20th, 1924.]

On appeal from a decree of the court of chancery advised
by Vice-Chancellor Fielder, who filed the following opinion:

"Without attempting to discuss the evidence presented by
the respective parties to establish whether complainant's
place of residence was in this state, at Long Branch, or out
of the state, at New York City, I shall say that I find she
was a resident of Long Branch before, during and after the
month of July, 1918. *Comp. Stat. p. 5137 ¶ 59,* under
which defendant attempted to make legal service on com-
plainant of notice to redeem, for the purpose of cutting off
her equity of redemption in the premises sold to defendant
under tax sale, provides that the notice shall be served per-
sonally upon persons interested who reside in the taxing
district, and, personally, or by mailing to their post-office
address, upon those who reside out of the district. Because
complainant resided in the taxing district, it was necessary
for defendant to make service on complainant personally,
either within or without the taxing district, and the ques
tion for determination is: Was such personal service made?

"The court of errors and appeals in *Wilson* v. *Trenton, 53
N. J. Law 645,* said, concerning personal service, as distin-
guished from official or judicial service, such as service of
a summons in an action at law and from substituted or con-
structive service, such as publication or posting, that per-
sonal service need not be made by an official, or in a par-
ticular mode; if the required notice be conveyed to the
person to be affected thereby, it is sufficient, and that evi-

dence of actual delivery to the party in person is conclusive proof of service.

"The complainant, in July, 1918, had a home in New York City, which she occupied during the greater part of the year. The uncontradicted proof on the part of the defendant is that on July 19th, 1918, a notice to redeem in due form, enclosed in an envelope, properly addressed to complainant at her New York City home, was registered by defendant's secretary at the Jersey City post office, for which registered letter such secretary received a receipt from the Jersey City postal authorities, bearing a registered letter number. Complainant, on her direct examination, made positive denial that she had received such notice to redeem by registered letter or otherwise. She admitted often receiving registered letters, and could recall no such letter she had not opened. On cross-examination she was shown a registry receipt in the usual form taken by the postal authorities upon delivery of a registered letter to the addressee, bearing a New York City postmark, dated July 20th, 1918, which receipt bears the same registry number as the registry receipt delivered to defendant by the Jersey City post office, and shows the defendant to be the sender of the letter receipted for, and which receipt is signed "S. McKenna," and complainant identified such signature as her own handwriting. Upon being questioned by her counsel on redirect examination as to whether, having admitted her signature on the registry receipt, she had received a notice to redeem from defendant by mail, she replied, 'Well, I do not remember having received any. I could not really tell you. I do not remember receiving anything.' Upon this evidence it seems clear that defendant's notice to redeem was delivered to complainant in person on or about July 20th, 1918, and upon the authority of *Wilson* v. *Trenton,* such service was personal service within the meaning of the statute. Because of her failure to redeem within the time limited by the statute, her equity of redemption in the premises in question was effectually cut off, and she is not entitled to the relief prayed for in her bill of complaint."

· *Messrs. Drewen & Perkins,* for the appellant.

*Mr. Harry B. Brockhurst,* for the respondent.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons ·stated in the opinion filed in the court below by Vice-Chan-·cellor Fielder.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS—15.

*For reversal*—None.