JOSEPH F. TIERNEY, PROSECUTOR, v. DELIA TIERNEY, RESPONDENT.

Submitted October term, 1925—Decided March 5, 1926.

**Landlord and Tenant—Legal Notice was Not Served on Tenant and Court was Accordingly Without Jurisdiction—Respondents Contend That Defect was Waived by the Prosecutor Entering an Appearance—If Jurisdiction was Only as to the Person This Would be so, but the Summons is Predicated Upon Service of Notice and is Made an Essential to the Court's Jurisdiction.**

On *certiorari.*

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the presecutor, *Thomas Brunetto.*

For the respondent, *Lane, Lynch & Smith.*

PER CURIAM.

Under the writ of *certiorari* granted in this case the prosecutor, Joseph F. Tierney, seeks to set aside a judgment of dispossession of his dwelling-house rendered against him in the First District Court of Newark for non-payment of rent at the suit of Delia Tierney.

The grounds upon which the judgment is attacked are— (1) that the affidavit filed in said suit by Delia Tierney * * * does not allege sufficient facts to give the court jurisdiction; (2) that the affidavit filed in said court does not state facts indicating that a relationship of landlord and tenant existed between the said Delia Tierney and the said Joseph F. Tierney.

We think the judgment must be reversed on the ground first stated. The proceeding was begun under the act of 1925 (amending the supplement of 1924 to the Landlord and Tenant act of 1874), page 398. Section 1 of this act authorizes the proceeding to recover possession for, *inter alia,* ·non-payment of rent, but prescribes notice as a condition thereto in this language:

"* * * In any such case the landlord or lessor may cause a written notice of the termination of such tenancy to be served upon the tenant or lessee, and a demand that they remove from the premises in question within three days from such notice and demand, and, in case such tenant or lessee shall not so remove, it shall be lawful for the landlord or lessor [and if the landlord or lessor be a body politic and corporate in law, or a municipal corporation, the duly authorized officers thereof], after the expiration of said three days, to make and file with the clerk of the court an affidavit setting forth any or all of the causes for ʼremoval set forth, and of the service of such notice and· demand, and thereon it shall be lawful for a summons to duly issue for the summary removal of the tenant or lessee."

The notice thus required was not served on the tenant, and the court was therefore without jurisdiction to hear and determine the case. The respondent contends that this defect, if it existed, was waived by the prosecutor in entering an appearance and participating in the trial of the case. If the jurisdiction were only as to the person, this contention would be sound, but the issuance of the summons is predicated on the service of the notice prescribed as above, and is made essential to the court's jurisdiction of the subject-matter. This could not be waived. *Hadelman* v. *Harris,* 93 *N. J. L.* 66.

The affidavit upon which the writ issued being insufficient, we have not considered the remaining reasons for setting aside the proceedings.

The judgment is reversed, with costs.