## MORRIS ALEXANDER, RESPONDENT, v. ISIDORE REKOON, APPELLANT.

Submitted May 11, 1927—Decided January 10, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the appellant, *Jacob Lubetkin.*

For the respondent, *Harry Levin.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This suit was brought by Alexander, a real estate broker, to recover commissions which he claimed to be due to him under a contract with the defendant for the sale of a lot in the city of Newark belonging to the latter. His case was that he was employed by the defendant to secure a purchaser for this plot of ground, under a promise that, if he succeeded in doing so, he should receive a commission of five per cent. upon the purchase price. The contract was an oral one, and was entered into on June 12th, 1924. On the day following the plaintiff mailed a letter to the defendant (not registered), stating the terms of the oral contract and the amount of the commission to be paid to him in case he secured a purchaser. Rekoon denied on the witness-stand that he had received such a letter, but the plaintiff, in contradiction of that statement, testified that on the 18th of June he had another conversation with the defendant over the telephone, in which the latter admitted the reception of the letter. Early in July the property was sold by Rekoon to a corporation known as the Workmen's Circle, the plaintiff having obtained it as a purchaser for the lot in question. The trial resulted in a verdict in favor of the plaintiff, and from the judgment entered thereon the defendant has appealed.

The only ground upon which we are asked to reverse the judgment under review is that the court improperly refused the request of the defendant to nonsuit the planitiff or to direct a verdict against him. The basis of these applications was that, under the amendment to the Statute of Frauds of 1918 (*Pamph. L., p.* 1020), plaintiff showed no right to recover. The amended statute declares that where a broker has been employed by an oral contract and shall actually effect a sale, he may recover from the owner the amount of his commission on such sale, "provided the broker shall within five days of the making of such oral contract serve

upon such owner a notice in writing setting forth the terms of such oral agreement and stating the rate or amount of commissions to be paid thereunder;" \* \* \* and that "the notice provided for shall be served either personally or by forwarding the same to the person to be served by registered mail to the last known post office address of such person." The argument is that this statutory requirement was not complied with; that there was no personal service of the notice, and that the letter containing it, which was mailed to the defendant, was, concededly, not registered.

Where a statute provides for personal service of a notice, without requiring it to be made by an official or in a particular mode, the depositing of the notice with an agency of the federal government for the purpose of having it delivered, and the actual delivery thereof by such agency to the person to whom the notice is addressed, constitutes a personal service. *Wilson* v. *Trenton,* 53 *N. J. L.* 645, 648; *McKenna* v. *Harrington,* 96 *N. J. Eq.* 700.

It is further argued that, even if the facts recited constituted a personal service, there was no proof to support a finding that such service was made within five days after the oral agreement was entered into between the parties, and that, for this reason, a nonsuit or the direction of a verdict should have been ordered.

The proofs showed that both the plaintiff and the defendant were residents of Newark, and that the letter was mailed in Newark on the day the contract was made. Where a letter is mailed in the place in which the party to whom it is directed resides, and it is received by him, it may reasonably be inferred that he received it in due course of mail; that is, in the present case, where a letter is delivered at the place to which it is addressed, either the day of its mailing or the day following, and whether or not such inference shall be drawn is a matter to be determined by the jury and not by the court.

For the reasons indicated, the judgment under review will be affirmed.