LOUCLAIR REALTY COMPANY, PLAINTIFF-RESPONDENT, v. COMMERCIAL LOUNGE OF NEW JERSEY, INC., DEFENDANT-PROSECUTOR.

Argued October 1, 1946—Decided December 2, 1946.

Before Justices Bodine, Perskie and Wachenfeld.

For the prosecutor, *Isadore Rabinowitz* and *Nathan Rabinowitz.*

For the respondent, *A. Leon Kohlreiter* (*Archibald Krieger*, of counsel).

The opinion of the court was delivered by

Perskie, J. This is a landlord and tenant case. It involves the right of possession of commercial property. The dispositive issue in this case, on *certiorari*, is whether or not the affidavit for possession conferred jurisdiction upon the District Court. *R. S.* 2:58–26. That issue is squarely before us here since a writ of *certiorari* was allowed the tenant to review the judgment for possession granted the landlord.

The affidavit is predicated upon an alleged breach of covenant. *R. S.* 2:58–17(c). In such a case, the statute requires both a written notice of the termination of the tenancy, and a demand that the tenant move from the premises within three days from the service of the notice. *R. S.* 2:58–17(c). The landlord attached to its affidavit, and made a part thereof, both the notice given the tenant and a copy of the lease between the parties. This lease required a five-day notice of the termination in the event of a breach of covenant. The notice given by the landlord did not meet this requirement although it did give the requisite statutory demand for possession. We are thus confronted with the necessity of determining whether the failure to give the notice required by the lease deprived the court of jurisdiction. No other phase of the cause is properly before us if *R. S.* 2:58–26 is constitutional. But since the constitutionality of this statute is not in issue there is no occasion to consider and decide that question. Nor are we precluded from considering and determining the dispositive issue present in the case at bar by reason of the holding in *Leachman* v. *Kite,* 133 *N. J. L.* 240; 45 *Atl. Rep.* (*2d*) 875; *affirmed,* 133 *N. J. L.* 612; 45 *Atl. Rep.* (*2d*) 810. For here the question revolves upon the sufficiency of the affidavit itself and not upon the suffi-

ciency of the proofs offered in support thereof. See, *Munday v. Vail*, 34 *N. J. L.* 418; *Sbrolla v. Hess*, 133 *Id.* 71; 42 *Atl. Rep.* (2d) 569. And if the affidavit is insufficient, jurisdiction is lacking. *Layton v. Dennis*, 43 *N. J. L.* 380; *Hilyard v. Heinzer*, 3 *N. J. Mis. R.* 343; 125 *Atl. Rep.* 383; affirmed, 102 *N. J. L.* 217; 130 *Atl. Rep.* 918.

Nor do we think that the affidavit was sufficient. For, in order to confer jurisdiction upon the court there must be an allegation of the termination of the tenancy. *R. S.* 2:58–17(c); *cf. Tierney v. Tierney*, 4 *N. J. Mis. R.* 241; 132 *Atl. Rep.* 486. In the instant case the lease was made a part of the affidavit. The lease required a five-day notice of the termination of the tenancy. The statute itself makes no such requirement, but where, as here, the parties agree on the number of days to be given to terminate the tenancy there is no violence to public policy if such an agreement be enforced. Clearly, the lease in issue could not have been terminated unless the agreed five-day notice had been given. And, as indicated, unless the lease had been properly terminated, the court was without power to dispossess the tenant. Since the defect is apparent on the face of the affidavit, it should have been dismissed. The requisite jurisdiction was lacking. *Cf. Brahn v. Jersey City Forge Co.*, 38 *N. J. L.* 74, 75.

This view of the case makes unnecessary any discussion of the remaining points raised and argued.

Judgment for possession is reversed, with costs.