26 N.J. Super. 508 (1953)
98 A.2d 323
THE PENNSYLVANIA RAILROAD COMPANY, A CORPORATION, PLAINTIFF-RESPONDENT,
v.
L. ALBERT & SON, INC., A CORPORATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 8, 1953.
Decided July 6, 1953.
*509 Before Judges GOLDMANN, SMALLEY and SCHETTINO.
Mr. Nathan N. Schildkraut argued the cause for defendant-appellant (Messrs. Kahn & Schildkraut, attorneys).
Mr. John A. Hartpence argued the cause for plaintiff-respondent.
*510 The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Defendant appeals from a judgment of possession entered in the Mercer County District Court in favor of the plaintiff railroad in summary proceedings brought by it. Appeal from such a final judgment is to the Appellate Division under N.J.S. 2A:18-4 (L. 1948, c. 385, § 12, formerly N.J.S.A. 2:32-10.12). The question raised by the appeal, and the only question that can be raised, is whether the county district court had jurisdiction. Opalach v. Cebulah, 2 N.J. Super. 139 (App. Div. 1949).
The agreed statement in lieu of record (Rule 1:2-22) sets out the pertinent facts. On August 30, 1947 plaintiff, as lessee of the works and property of The United New Jersey Railroad and Canal Company, and its agent for the collection of rents, execution of leases and dispossession of tenants, entered into three written leases with defendant respectively affecting three different premises described therein, which leases for convenience will be referred to as leases A, B and C. Defendant went into possession on September 1, 1947. It is agreed that defendant was a tenant at will under each of the leases.
Under the provisions of leases A and C, the tenancy was subject to termination at any time thereafter on 60 days' written notice by either party to the other. Lease B was similarly terminable on 30 days' written notice. All three leases contained the following provision:
"That any notice given under the terms of this lease shall be deemed sufficient to meet the requirements thereof as legal service, if served by Registered United States mail, such notice to be computed from date of mailing." (Italics ours)
Lease A provided for a yearly rental payable on September 1 of each year in advance, and such rental had been paid in advance for the year September 1, 1950 to August 31, 1951. Leases B and C provided for monthly rentals payable on the first day of each and every month in advance.
Written notice of termination of the respective tenancies was given by plaintiff to defendant by registered mail, return *511 receipt requested, on March 29, 1951, to take effect on May 31, 1951. Copies of the notices and the signed registry receipts were received in evidence, formal proof being waived. Defendant having failed to vacate the land and premises, plaintiff instituted summary proceedings. Defendant moved to dismiss the complaint on the ground that the county district court was without jurisdiction because the notices did not meet the statutory requirements. In awarding judgment for possession to plaintiff the court held:
"Where, as here, the tenancy is created by a lease entered into between the parties, providing for the method of terminating the tenancy and delivering possession of the demised premises to the landlord, and such method was pursued by the landlord, as was in the case at bar, by notice served upon the defendant in strict compliance with the provisions of the lease, the tenancy is effectively terminated. See Quidort v. Bullitt, 60 N.J.L. 119."
We agree.
At common law a tenancy at will could be terminated at any time by any act of either the landlord or the tenant which was inconsistent with its continuance, and such a tenancy could even be terminated by implication of law, as where either party died. No notice was necessary to effect such termination. 1 Tiffany, Landlord and Tenant (1910), § 13(b) (1), p. 111; 1 American Law of Property (1952), § 3.91, p. 378; 2 Walsh, Commentaries on the Law of Real Property (1947), § 154, p. 174; Standard Realty Co. v. Gates, 99 N.J. Eq. 271, 276 (Ch. 1926). The common-law rule respecting notice to tenants at will has been changed by statute both in this State and elsewhere. The reason for the requirement that notice of the termination of the tenancy be given is the indefiniteness and uncertainty of the duration of such a tenancy and the protection of each of the parties thereto against capriciousness on the part of the other. 32 Am. Jur., Landlord and Tenant, § 993, p. 836.
Defendant contends that the county district court was without jurisdiction because R.S. 2:58-17(a) requires that written notice must be served either personally upon the tenant by giving him a copy thereof or leaving a copy at *512 his usual place of abode with a member of his family above the age of 14, or where for any reason such service cannot be had, then by posting or affixing a copy thereof upon the door or other conspicuous part of the dwelling or demised premises. Accordingly, it argues that service by registered mail was improper and ineffective. Defendant further argues that the court was without jurisdiction because R.S. 2:58-22 provides that no judgment of possession under R.S. 2:58-17(a) shall be entered unless the tenancy at will has been terminated by the giving of three months' notice to quit. Such notice not having been given, the statutory requirement was not fulfilled.
It should first be observed that in revising Title 2 of the Revised Statutes, the Legislature did not re-enact R.S. 2:58-17. However, similar provisions formerly appearing in the District Court Act (R.S. 2:32-265) were re-enacted as part of Title 2A, Article 9, "Proceedings Between Landlord and Tenant," and may be found in N.J.S. 2A:18-53. R.S. 2:58-22 was carried over as N.J.S. 2A:18-56.
There is no denial of the fact that the notices were actually received by defendant by registered mail. That method of terminating the tenancies was in exact accord with the manner of service agreed upon between the parties in executing the three leases in question. There is nothing in the statute which expressly or by implication forbids parties to a lease from agreeing upon the method of serving notice of termination of a tenancy at will. Such method was pursued in terminating a tenancy at sufferance in Standard Realty Co. v. Gates, above, and apparently was considered entirely proper because the court did not deem it necessary to comment upon it.
Defendant having admittedly received the notices, the service was good. Because the method of service was precisely that agreed upon by the parties, the situation here is even stronger than in such cases as Hemberger v. Hagemann, 120 Colo. 431, 210 P.2d 995 (Sup. Ct. 1949), and Prendergast v. Searle, 81 Minn. 291, 84 N.W. 107 (Sup. Ct. 1900), where the statutes, like ours, required personal service *513 of notice. Cf. North v. Kinney, 231 Iowa 951, 2 N.W.2d 407 (Sup. Ct. 1942); Candler v. Mitchell, 119 Mich. 464, 78 N.W. 551 (Sup. Ct. 1899); and see 22 Rocky Mt. L. Rev. 196, 199 (1950).
The parties were likewise free to agree in their lease upon the length of time required for the notice  60 days or 30 days, rather than 90 days. 1 LeWine, New Jersey Landlord and Tenant (1942), § 58, p. 128, and 2 Ibid., § 932, p. 1980; 51 C.J.S., Landlord and Tenant, § 173, p. 777; and see 1 American Law of Property (1952), § 3.31, p. 234, § 3.91, p. 378. Cf. Quidort v. Bullitt, 60 N.J.L. 119 (Sup. Ct. 1897). In Louclair Realty Co. v. Commercial Lounge of N.J., Inc., 135 N.J.L. 8 (Sup. Ct. 1946), the parties had agreed upon a period of notice different from that required by statute, and the court said:
"* * * where, as here, the parties agree on the number of days to be given to terminate the tenancy there is no violence to public policy if such an agreement be enforced. * * *"
None of the decisions cited by defendant in support of its attack upon the method of service or length of notice of termination of the leases is in point. In no case was there an express agreement such as controls the determination in the present instance.
To hold that the requirements as to length of notice and the method of service of such notice cannot be altered by agreement of the parties is to read into the statutory provisions language which is not there. Had the Legislature intended that parties to a lease could not vary either the length or method of service of a notice to terminate the tenancy, it could readily and expressly have so provided, as it did in L. 1920, c. 357 and L. 1923, c. 72, emergency rental measures wherein it was provided that "Any provision of a lease whereby a lessee or tenant waives any provision of this act shall be deemed against public policy and void." (The 1920 act expired by its own terms, and the 1923 act was repealed by L. 1927, c. 97).
*514 Defendant's final contention deals with lease A which provided for a yearly rental payable in advance on September 1, and under which rent had so been paid up to August 31, 1951. The argument is that the notice, effective May 31, 1951, was premature; that this particular tenancy still had three months to run, and therefore the county district court was without jurisdiction in the premises. There is no merit in the contention. The tenancy was clearly and admittedly one at will, subject to be cut off at any time upon the giving of the notice required under the lease. Further, the lease expressly provided that in the event the lessor exercised its right to terminate the lease, "the proportionate part of the rent paid in advance shall be refunded to lessee and accepted by lessee as full payment for the portion of the period unexpired for which rent was paid at the time lessor enters upon and resumes possession of the herein demised premises." The provision clearly shows that defendant might be required to surrender the premises before the anniversary date. By its argument defendant seeks to convert its tenancy into a lease from year to year. This it cannot do.
The judgment is affirmed.