177 N.J. Super. 131 (1980)
425 A.2d 709
I.S. SMICK LUMBER, PLAINTIFF,
v.
MARTHA E. HUBSCHMIDT AND JOHN F. HUBSCHMIDT, HER HUSBAND ET AL., DEFENDANTS.
Superior Court of New Jersey, Law Division Cumberland County.
Decided November 7, 1980.
*132 Lawrence Point for plaintiff (Acton & Point, attorneys).
Harry R. Adler for defendants Hubschmidt.
MILLER, J.S.C.
This is an action by a lumberyard on an unpaid bill for materials against the contractor and also against the owners of the land on which the materials were used. The suit against the landowners is based upon the Mechanics Lien Act, N.J.S.A. 2A:44-64 et seq.
The action presents itself on the landowners' motion for summary judgment on the ground that the materialman has no valid lien by reason of its failure to comply with the provisions of N.J.S.A. 2A:44-71. Plaintiff has filed a cross-motion opposing defendants' motion and seeking summary judgment as to the issue of liability.
The pertinent provisions of N.J.S.A. 2A:44-71 are as follows:
Except as hereinafter in this section and in section 2A:44-75 of this Title provided, no one shall be entitled to a lien under the provisions of this article for any labor performed or materials furnished prior to the filing, in the office of the proper county clerk, of a mechanic's notice of intention to perform such labor or furnish such materials.
A copy of the mechanic's notice of intention shall be served, within 5 days of such filing, upon the owner of the premises, of the land described therein, personally or by registered or certified mail, at his last known address, and unless such notice be so served upon said owner, the filing of the said notice of intention shall have no force or effect.
*133 Defendants admit receipt of the notice of intention within five days of the filing. Service, however, was by ordinary mail rather than by certified or registered mail. The issue thus framed is whether actual delivery of notice within five days of filing the notice of intention constitutes "personal service" within the meaning of the statute. The court concludes that it does. Accordingly, defendants' motion for summary judgment is denied and plaintiff's motion for summary judgment as to the issue of liability is granted pursuant to R. 4:46-2. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67 (1954).
Wilson v. Trenton, 53 N.J.L. 645 (1891), is the leading New Jersey case interpreting the meaning of personal service of notice. In that case a resident landowner objected to an assessment imposed on his land on the ground that certain notices had not been given as required by law.
The law governing the method and manner by which private property in the City of Trenton was to be condemned or assessed for public purposes required the service of a notice indicating the amount of the assessment on every person against whom the assessment was being made. Since no mode of service was prescribed by the act, the court determined that personal service was required.
Service had been effectuated on the landowner by leaving a copy of the notice at his residence with a member of his family. Receipt of this notice was admitted, but it was argued by him that such service was insufficient to constitute "personal service." In rejecting this argument, the court stated:
Personal service, within the meaning of such acts, is to be distinguished, on the one hand, from what may be called official service, such as the personal service of a summons in an action at law, which is required to be made by the officer on the defendant in person; and, on the other hand, from substituted or constructive service, which is such as by law conclusively results from the performance of certain prescribed acts, such as publication, posting and the like. The service required by this and similar statutes need not be made by an official or in a particular mode; if the required notice is conveyed to the person to be affected thereby, it is sufficient.

*134 When a question of such service arises in a court of law on the trial of an issue, evidence of actual delivery to the party in person is conclusive proof. [Id. at 648]
The court then went on to conclude:
The service of the notices in question ... must appear to be of that sort which is called personal .. . I do not agree that such service will only appear by a statement of actual delivery thereof to them in person. On the contrary, I deem that such service would appear either from the fact of delivery to a duly accredited agent to receive such notice or from circumstances justifying an inference of actual delivery. [at 650]
Thus the principal was established that actual delivery of notice to the person to be affected thereby constitutes personal service of notice.
Personal service of notice was again considered in McKenna v. Harrington Co., 96 N.J. Eq. 700 (1924). In that case defendant attempted to make legal service on plaintiff of a notice to redeem for the purpose of cutting off plaintiff's equity of redemption in a property purchased by defendant in a tax sale. The relevant statute required that such notice be personally served upon all interested persons residing within the tax district. Since plaintiff was both an interested person and a resident of the tax district as defined by the statute, defendant made service on her by registered mail.
The court, relying upon the principal established by Wilson, supra, held that service of notice by registered mail coupled with proof of actual receipt constituted "personal service" of notice. Thus, because plaintiff had proper notice and yet failed to redeem within the prescribed time, her equity of redemption in the premises was cut off.
The case of Alexander v. Rekoon, 104 N.J.L. 1 (1928), is particularly instructive. There a real estate broker sued to recover a commission under a contract with defendant for the sale of a lot belonging to the latter. The contract was made orally, but on the following day plaintiff mailed a letter to defendant stating the terms of the oral contract and the amount of the commission agreed upon if plaintiff were successful in selling the property. Subsequently, plaintiff secured a purchaser *135 and the sale was made, but defendant refused to pay plaintiff the commission.
Plaintiff prevailed at trial, and defendant appealed on the ground that the court erred in failing to direct a verdict against plaintiff since allegedly plaintiff had not established a right to recover under the statute of frauds. The statute required that in order to recover his commission, a broker employed on an oral contract must serve upon the owner of the subject premises, either personally or by registered mail, a notice in writing setting forth the terms of the oral agreement and the broker's commission within five days of the making of the oral contract. Defendant contended that plaintiff's letter of notice dispatched via regular mail did not constitute "personal service" and was concededly not sent by registered mail and therefore was statutorily deficient.
Invoking both Wilson and McKenna, supra, the court rejected defendant's contention and held:
Where a statute provides for personal service of notice, without requiring it to be made by an official or in a particular mode, the depositing of the notice with an agent of the federal government for the purpose of having it delivered, the actual delivery thereof by such agency to the person to whom the notice is addressed, constitutes a personal service. [Id. at 3]
The instant case falls within the ambit of the above cases and thus may be determined by application of the principal of law laid down in Wilson. Here, defendant admits receiving the notice within five days of the filing of the mechanic's notice of intention. Thus, the required notice actually came to the hands of the person to be affected thereby in a timely fashion. As such, the actual and timely delivery of notice to defendant constitutes personal service within the meaning of the New Jersey Mechanics, Materialmen and Laborers Lien Act, N.J.S.A. 2A:44-64 et seq. Therefore plaintiff is free to pursue whatever rights he may have against defendant under that act.
Because of the realities of modern life, including such diverse factors of the extreme mobility of the public and the sheer number of notices required to be served, the mechanism of *136 substituted service, "long-arm service" and mail service are vital to the functioning of the judicial system. See R. 4:4. It is important, however, to recall that the system is but a means to an end, which end is the constitutional obligation that due and proper notice and the opportunity to be heard are actually afforded to every person whose interest might be affected by a proposed action. To ignore the fact that a person has been given actual and concrete notice of an event merely because such notice did not conform to technical procedures not only flies in the face of common sense, it is precisely the type of labyrinthine misconception which brings the legal system into disrepute among laymen. This court rejects such reasoning. A bell cannot be unrung, knowledge cannot be erased, and actual notice is  or ought to be  the best notice unless either the English language or the law of common sense be repealed.
Since the notice was valid, the motion by the landowner must be denied. Since no other factual issue is presented, the case is ripe for summary judgment. Plaintiff is clearly entitled to such relief. Summary judgment is granted for it.