700 A.2d 910

JOSEPH & DONNA ROLAND–LEOPOID, PLAINTIFFS,
v. ANGELINE KHOURY, DEFENDANT.

Superior Court of New Jersey
Law Division
Special Civil Part
Landlord Tenant Atlantic County

Decided July 7, 1997.

*William A. Thompson, III*, for plaintiffs.

*Kenneth M. Goldman*, Esq., for defendant *(Cape Atlantic Legal Services)*.

WINKELSTEIN, J.S.C.

The issue presented in this landlord/tenant action is whether *N.J.S.A.* 2A:18–53(a) requires that service of the notice to quit to obtain possession of the premises must be made personally by the landlord or the landlord's agent or whether service by certified mail is sufficient.

The facts in this case are undisputed. Plaintiffs are the landlords and defendant is the tenant in the property known as 124 Atlantic Avenue, Atlantic City, New Jersey. The parties have an oral month to month lease. The property is a two unit, owner occupied building, with the landlords residing in the second floor unit. There is no dispute that the tenancy is not protected by *N.J.S.A.* 2A:18–61.1, but rather falls under *N.J.S.A.* 2A:18–53, which provides for removal of tenants in other than protected tenancy situations.

On April 14, 1997, plaintiffs mailed to the tenant, by certified and regular mail, a notice to quit terminating the tenancy as of May 31, 1997. It is undisputed that the tenant received the certified mail, and signed for same, on April 15, 1997. It is also undisputed that the notice provided was technically sufficient under the statute. What is disputed is whether the method of service of the notice by certified mail is sufficient under *N.J.S.A.* 2A:18–53.

*N.J.S.A.* 2A:18–53 sets forth, in pertinent part, as follows:

[A]ny lessee or tenant at will or at sufferance, ... may be removed from such premises by the Superior Court, Law Division, Special Civil Part in an action in the following cases:

a. Where such person holds over and continues in possession of all or any part of the demised premises after the expiration of his term, and after demand made and written notice given by the landlord or his agent, for delivery of possession thereof. The notice shall be served either personally upon the tenant or such person in possession by giving him a copy thereof or by leaving a copy of the same at his usual place of abode with a member of his family above the age of 14 years.

[*N.J.S.A.* 2A:18–53.]

*N.J.S.A.* 2A:18–54 provides that if the notice as required by *N.J.S.A.* 2A:18–53 cannot be served in the manner provided, or a summons and complaint cannot be served as in other actions, the notice or summons and complaint may be served upon any person actually occupying the premises either personally or by leaving a copy with a member of the family over 14 years of age or, if admission to the premises is denied or members of the family are absent from the premises, the notice or summons and complaint may be posted upon the premises. *See N.J.S.A.* 2A:18–54.

*N.J.S.A.* 2A:18–56 provides that no judgment for possession pursuant to *N.J.S.A.* 2A:18–53 shall be ordered unless, among other things, "(d) it shall be shown to the satisfaction of the court by due proof that the notice herein required has been given." *N.J.S.A.* 2A:18–56(d).

Defendant argues that the notice given in this matter was insufficient as it was not personally handed to the tenant by the landlord or the landlord's authorized agent. The position taken by defendant is that the statute, *N.J.S.A.* 2A:18–53(a), is clear on its face, requiring personal service, not service by mail. Defendant points to *N.J.S.A.* 2A:18–61.2 which, contrary to *N.J.S.A.* 2A:18–53, permits notice by certified and regular mail as an alternative to personal service. The defendant's argument is that if the Legislature had intended to permit service by mail under *N.J.S.A.* 2A:18–53(a), it could have done so through express language but, as it chose not to do so, the clear language of the statute should be followed. Plaintiffs' position is that "personal service" pursuant to *N.J.S.A.* 2A:18–53 does not, by its very terms, limit service to that made only by the landlord, but may include service by persons designated by the landlord, including the letter carrier who delivers the letter by certified mail. The landlords argue that the intent and spirit of the statute is to provide notice to the tenant so the tenant can know the reason the lease is being terminated, and contend that the goal is achieved by virtue of receipt of the notice by the tenant by certified mail.

Although there is no case law which addresses this issue directly, there are a number of cases from which this court can obtain guidance. The first inquiry is to determine the purpose of the notice. A notice pursuant to *N.J.S.A.* 2A:18–53 is required to "specify the cause of action of the tenancy," and as such is considered jurisdictional. *Carteret Prop. v. Variety Donuts, Inc.,* 49 *N.J.* 116, 123, 228 *A.2d* 674 (1967). Thus, departures from strict compliance with the statutory scheme have resulted in the action being dismissed. *Id.* at 124–25, 228 *A.2d* 674. However, it is the content of the notice, rather that the method by which the

notice is served, which the courts have always considered critical. Notice is provided to allow the tenant to know the reason he or she is being removed from the premises and to permit the tenant to adequately prepare a defense in the event he or she contests the removal in court. *Ivy Hill Pk. Apts. v. GNB Parking Corp.,* 236 *N.J.Super.* 565, 570, 566 *A.*2d 565 (Law Div.), *aff'd,* 237 *N.J.Super.* 1, 566 *A.*2d 820 (App.Div.1989). The existing body of case law does not address the strict requirements of the statute as it applies to service of the notice. However, there is case law which addresses the sufficiency of service of notices under different circumstances.

The seminal case on the issue of service of notice is *Wilson v. Trenton,* 53 *N.J.L.* 645, 23 *A.* 278 (E. & A. 1891), which is often cited for the proposition that there is a distinction between official or judicial service, such as service of a summons, and substituted or constructive service, such as publication or posting. In *Wilson,* the court concluded that where the statute does not direct that personal service be made by any particular official in any particular matter, as long as the notice conveyed to the person affected by the notice was sufficient and there was evidence of actual delivery to the party, such service would be sufficient. *See id.* This proposition was followed in *McKenna v. Harrington Co.,* 96 *N.J.Eq.* 700, 126 *A.* 532 (E. & A.1924), where a defendant attempted to make legal service by mail on the plaintiff of a notice to redeem a tax sale certificate to cut off the equity of redemption in the plaintiff's premises. The controlling statute required that the notice be personally served if the person resided in the taxing district or, if the person resided outside of the taxing district, the notice could be either personally served or served by mail at their post office address. *Id.* at 700, 126 *A.* 532. The plaintiff therein resided in the taxing district but also had a home located outside the taxing district. *Id.* at 701, 126 *A.* 532. A notice to redeem was forwarded to her New York City home, located outside the taxing district, by registered mail and she admitted receiving the notice. *See ibid.* The court found that service was proper. *Ibid.* It concluded, based on *Wilson, supra,* that service by registered

mail was sufficiently personal within the meaning of the statute even though it was not hand delivered to the plaintiff by either defendant or defendant's agent. *Ibid.*

Another case which provides substantial guidance to this court is *Alexander v. Rekoon,* 104 *N.J.L.* 1, 139 *A.* 796 (N.J.Sup.1927). In *Alexander,* a real estate broker brought suit to recover certain commissions claimed due him under a contract with the defendant for the sale of a lot in Newark. *Id.* at 2, 139 *A.* 796. The contract was oral and the statute of frauds was raised as a defense when the plaintiff sought to enforce the contract. *Ibid.* The case was controlled by a statute concerning real estate brokers which provided that the broker "shall within five days of the making of such oral contract serve upon such owner a notice in writing setting forth the terms of such oral agreement and stating the rate or amount of commissions to be paid thereunder" and that the notice "shall be served either personally or by forwarding the same to the person to be served by registered mail to the last known post office address of such person." *Id.* at 2–3, 139 *A.* 796. The plaintiff in *Alexander* sent the required notice by regular mail, which was not provided for in the statute. *Id.* at 2, 139 *A.* 796. Relying on *Wilson, supra,* and *McKenna, supra,* the *Alexander* court concluded that where a statute provides for personal service of notice, "without requiring it to be made by an official or in a particular mode, the depositing of the notice with an agency of the federal government for the purpose of having it delivered, and the actual delivery thereof by such agency to the person to whom the notice is addressed, constitutes a personal service." *Id.* at 3, 139 *A.* 796. Thus, *Alexander* stands for the proposition that when a statute requires personal service but does not indicate by whom the personal service must be made, delivery by mail may be deemed to be a delivery by an agent of the person by whom service was required to be made. *See generally id. Cf. R.A. Intile Realty Co. v. Raho,* 259 *N.J.Super.* 438, 614 *A.*2d 167 (Law Div.1992) (rejecting *Alexander* and finding that service by ordinary mail was insufficient and did not satisfy the legislative intent

where statute of frauds required that service be made either personally or by registered mail with a signed receipt).

In *Pennsylvania R.R. Co. v. L. Albert & Son, Inc.*, 26 *N.J.Super.* 508, 98 *A.2d* 323 (App.Div.), *certif. denied*, 13 *N.J.* 361, 99 *A.2d* 675 (1953), the court found that a notice of termination of tenancy which complied with a lease provision concerning service of notice was sufficient, even though the provision in the lease did not comply with the statutory requirements for service. In that case, which was brought pursuant to *N.J.S.A.* 2A:18–53, the lease between the parties provided that service of notices could be accomplished by mail, which was the means used by the landlord to terminate the tenancy. *See id.* at 510, 98 *A.2d* 323. The court concluded that nothing in the statute expressly or impliedly forbade parties to a lease from agreeing upon an alternative method of notice for termination of a tenancy, and since the tenant actually received the notice, service was proper. *Id.* at 512, 98 *A.2d* 323. *See also Ivy Hill Pk. Apts., supra.*

Finally, in *I.S. Smick Lumber v. Hubschmidt*, 177 *N.J.Super.* 131, 425 *A.2d* 709 (Law Div.1980), *aff'd. o.b.*, 182 *N.J.Super.* 306, 440 *A.2d* 1160 (App.Div.1982), Judge Miller was called upon to decide the sufficiency of service of a mechanics' notice of intention. The court reviewed *Wilson, supra, McKenna, supra,* and *Alexander, supra,* and concluded that since the defendant admitted receiving the notice within the time frame set forth under the mechanics notice of intention statute, even though service was by ordinary mail rather than certified or registered mail, service was sufficient. *See id.* at 135–36, 425 *A.2d* 709. The court reasoned:

Because of the realities of modern life, ... the mechanism of substituted service, ... and mail service are vital to the functioning of the judicial system.... It is important, however, to recall that the system is but a means to an end, which end is the constitutional obligation that due and proper notice and the opportunity to be heard are actually afforded to every person whose interest might be affected by a proposed action. To ignore the fact that a person has been given actual and concrete notice of an event merely because such notice did not conform to technical procedures not only flies in the face of common sense, it is precisely the type of labyrinthine misconception which brings the legal system into disrepute among laymen.

[*Id.* at 135–36, 425 *A.*2d 709.]

Here, the question is whether certified mail is a sufficient means to effect service under a statute which, on its face, requires personal service. This court is satisfied that service by certified mail is sufficient to effectuate service in this instance. Due process of law "requires only 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pending of the action and afford them the opportunity to present these objections.'" *Wohlegmuth v. 560 Ocean Club,* 302 *N.J.Super.* 306, 313, 695 A.2d 345 (App.Div.1997) (1997), (citing *Mullane v. Central Hanover Bank & Trust Co.,* 339 *U.S.* 306, 314, 70 *S.Ct.* 652, 657, 94 *L.Ed.* 865 (1950)). *N.J.S.A.* 2A:18–53, although providing for personal service, does not set forth by whom or by what method service must be made. *See Wilson, supra.* There is no practical difference between the landlord or his or her agent hand delivering the notice to the tenant or an adult member of the tenant's household, and a postal carrier having the tenant or an adult member of the tenant's household sign for the certified mail which contains the notice. In both instances, the tenant is personally served with the notice to terminate the tenancy. Once the tenant signs for the notice, there can be no dispute that it has been received. Due process has been satisfied. As long as the content of the notice is sufficient, the purpose behind the statute, to provide the notice to the tenant of the reasons for termination of the tenancy and to give the tenant an opportunity to prepare a defense, have been satisfied.

When a literal reading of a statute leads to a result which is not in accord with the purposes and design of the statute, the spirit of the law should control over the literal language. *Reisman v. Great American Recreation, Inc.,* 266 *N.J.Super.* 87, 96–97, 628 A.2d 801 (App.Div.), *certif. denied,* 134 *N.J.* 560, 636 A.2d 519 (1993). Hence, statutes are to read sensibly, rather than literally, with the purposes of and reasons for the legislation controlling over the literal language. *Id.* at 97, 628 *A.*2d 801. Here, the purpose of the statute was met when the certified mail was delivered to the tenant, even though the delivery via certified mail

did not meet with the literal language of the statute. There is no logical basis to conclude otherwise.

This conclusion is also consistent with *N.J.S.A.* 2A:18–54. As noted previously, the statute provides that a notice which cannot be delivered personally under *N.J.S.A.* 2A:18–53 can be posted at the premises. Clearly, a signed receipt for certified mailed is more likely to result in the actual receipt of the notice by the tenant than posting the notice on the property. Moreover, such a conclusion is consistent with the methods provided for service of the summons and complaint after the notice to quit has been served. *See R.* 6:2–3(b). *R.* 6:2–3(b) allows service of process in landlord/tenant actions to be made by ordinary mail coupled with either personal service or by affixing a copy of the summons and complaint to the subject premises. Again, service by certified mail is more likely to result in actual receipt of the notice by the tenant than service by ordinary mail, combined with posting the notice on the premises.

*N.J.S.A.* 2A:18–56 prohibits entry of a judgment for possession unless, among other things, notice shall be shown to the satisfaction of the court by due proof that the required notice has been given. This court is satisfied that the personal service set forth in *N.J.S.A.* 2A:18–53 is sufficiently met by certified mail upon the tenant, once certified mail is signed for by the tenant or a member of his household 14 years of age or older.[1]

Having determined that service of the notice to quit was proper, and there being no other defense to the complaint for possession, a judgment for possession is herein entered. A warrant for removal shall issue in normal course.

---

[1] This decision does not address the situation where the certified mail is unclaimed.