TAX COURT OF NEW JERSEY



TAX COURT MANAGEMENT OFFICE
(609) 815-2922

P.O. Box 972
TRENTON, NJ 08625-0972

## Corrected Opinion Notice

**Date: October 2, 2018**

**Richard Leavy, Esq.**
Sidley Austin LLP
787 7th Avenue
New York, NY 10019

**Isabella Pitt, Esq.**
Office of the Attorney General
25 Market St
Trenton, NJ 08625

**From: Shannon Tremel**

**Re:  Merrill Lynch Credit Corp v Dir. Division of Taxation**
**Docket number: 004230-2017**

The attached corrected opinion replaces the version released on October 2, 2018   The Opinion has been corrected as noted below:

1.  Attorney for Defendant is amended to Isabella R. Pitt, Esq.
2.  Page 6-Conclusion of Law- Sentence reads "Second,  the Director alleges…"  Opinion is corrected to amend sentence to read as "Second, the tax payer alleges…"

NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

**Corrected October 2, 2018–Pg. 1 Attorney changed from Porrino to Pitt;
Pg. 6 line 136 updated from Director to taxpayer**

_____
                                 :
MERRILL LYNCH CREDIT             : TAX COURT OF NEW JERSEY
CORPORATION,                     : DOCKET NO:  004230–2017
                                 :
          Plaintiff,             :
                                 :
               vs.               :
                                 :
DIRECTOR, DIVISION OF            :
TAXATION, STATE OF NEW JERSEY,   :
                                 :
          Defendant.             :
_____ :

          Decided: September 28, 2018

          Richard A. Leavy for Plaintiff (Sidley Austin LLP,
          attorneys).

          Isabella R. Pitt, Esq. for Defendant (Gurbir S.
          Grewal, Attorney General of New Jersey, attorney).

**CIMINO, J.T.C.**

   **I.   INTRODUCTION**

   Plaintiff taxpayer, Merrill Lynch Credit Corporation, filed a complaint with this court challenging a Notice of Assessment dated August 24, 2015 issued by the defendant, Director of Division of Taxation setting forth an assessment of $4,353,297.99 in taxes, penalties and interest for corporation business taxes for the years 2007 through 2010.  The taxpayer protested on February 2, 2016.

-1-

The Director now moves and the taxpayer cross-moves for summary judgment.

The Director asserts that the protest was untimely as it was not filed within ninety days. N.J.S.A. 54:49-18. If the Director is successful, the matter is dismissed and the assessment will stand.

The taxpayer asserts that the notice was defective and improperly served, thus rendering the notice ineffective. If the taxpayer is successful, taxpayer will not have any liability for the tax assessed. The statute of limitations for the assessment ran shortly after the notice sent by the Director.

This matter comes before this court on cross-motions for summary judgment. Our Supreme Court has indicated that summary judgment provides a prompt, business-like and appropriate method of disposing of litigation in which material facts are not in dispute. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 530 (1995). While not definitive, cross motions for summary judgment may represent to the court the ripeness of the matter for adjudication. Spring Creek Holding Co. v. Shinnihon U.S.A. Co., 399 N.J. Super. 158, 177 (App. Div. 2008).

This matter is ripe for summary judgment. For the reasons set forth at greater length below, this Court rejects the arguments of taxpayer and grants summary judgment in the Director's favor.

## II.  STATEMENT OF FACTS

On July 1, 2011, Merrill Lynch Credit Corporation merged into Bank of America, N.A.  As a result of the merger, the taxpayer filed a short year tax return for the period of January 1, 2011 through July 1, 2011.  The return was filed on May 9, 2012, almost a year after the merger.  The return was filed in the name of Merrill Lynch Credit Corporation with an address of 150 N. College Street, 17th Floor, Charlotte, NC 28255.

The Director conducted an audit for the years 2007 through 2010.[1]  While the audit was ongoing, there was a consent fixing a period of limitations upon which an assessment of taxes could be made for the years 2007 through 2009.  The advantage of the taxpayer signing this consent is to prevent the Director from issuing an arbitrary assessment in which an estimated amount of tax as determined by the Director would be due and owing immediately.  See Jeffrey A. Friedman and Michael L. Colavito, Jr., Waive or Walk: Considerations for Extending the Statute of Limitations, St. Tax Notes, Nov. 1, 2010, at 349, 352. The consent was signed on April 13, 2015, by Lynn Chietz, as a corporate officer of and under the corporate name of Merrill Lynch Credit Corporation.  Moreover, the consent signed by Ms. Chietz indicated that the taxpayer was Merrill Lynch Credit Corporation of 150 N.

---

[1]  There was not any explanation as to what happened with the 2011 short year return.

College Street, Charlotte, NC 28255.  The consent period expired on August 31, 2015.[2]

On August 24, 2015, the Director issued a Notice of Assessment related to a final audit determination seeking $4,353,297.99 for the 2007 through 2010 tax years.  The notice was sent certified mail to Merrill Lynch Credit Corporation at 150 N. College St., Fl. 17, Charlotte, NC 28202-2271.[3]  According to United States Postal Service records, on August 28, 2015 at 10:41 a.m., the notice was delivered to the taxpayer and the return receipt card signed.  The taxpayer had outsourced the operation of its mailroom to an independent contractor.  The routing form of the mailroom contractor indicates that the notice was processed on August 28, 2015 at 1:04 p.m. and routed to 4909 Savarese Circle, Tampa, Florida, another business location of the taxpayer known as Bank of America Home Loans.[4]  The taxpayer has not indicated what it did with the notice after it was routed to Tampa.

---

[2]  As to the 2010 tax year, the return was filed on October 10, 2011.  The four year period of limitations for assessment of additional taxes ran on October 10, 2015.  See N.J.S.A. 54:49-6(b).

[3]  The actual Notice of Assessment contained in the envelope was addressed to Merrill Lynch Credit Corporation at 150 N. College St., 17th Fl., Charlotte, NC 28255.

[4]  While the business of Merrill Lynch Credit Corporation was not explicitly stated, the tax returns indicate significant income and expenses dealing with Consumer Home Equity Fees, Res[sic] 1-4 Family Fees, Sale of Forward Mortgages and Foreclosed Properties Expense.

Having not received a protest, an indication that an appeal was filed, nor payment of the tax within ninety days, the Director commenced collection activities by correspondence sent on December 21, 2015 and December 30, 2015. See N.J.S.A. 54:49-18 (ninety days to protest); N.J.S.A. 54:51A-13, -14 (ninety days to appeal). On January 8, 2016, an email was sent from Claude Hunt, Bank of America Corporate Tax, 150 N. College St., 17th Floor, Charlotte, NC 28255, to the New Jersey Division of Taxation field auditor. At first, taxpayer challenged receipt of the Notice of Assessment and inquired as to whether it was sent via certified mail, similar to the notices sent by other states. This was followed by a formal letter on February 2, 2016, denominated as a protest. The protest was on stationary of the Bank of America Corporate Tax Department located at 150 N. College Street, 17th Floor, Charlotte, NC 28255. In the protest, taxpayer alleged that the notice was addressed to Merrill Lynch Credit Corporation, not Bank of America, so it was not in accordance with the requirements of N.J.S.A. 54:50-6(a). On December 22, 2016, the Director rejected the February 2nd correspondence as an untimely protest since it was filed more than ninety days after the notice. A tax court action was thereafter commenced on March 21, 2017.

**III. CONCLUSIONS OF LAW**

**A. Introduction**

The taxpayer raises broad due process challenges. The basic principles of due process guaranteed under both the United States Constitution and the State Constitution are notice and the opportunity to be heard. Schneider v. E. Orange, 196 N.J. Super. 587, 595 (App. Div. 1984), aff'd o.b., 103 N.J. 115 (1986). Specifically, the taxpayer raises two challenges to the notice provided by the Director. First, the taxpayer alleges that the notice was addressed to the wrong entity and is therefore invalid. Second, the taxpayer alleges that the notice was sent to the wrong zip code. Each of these contentions will be addressed in turn.

**B. Addressed to the proper entity**

To ensure due process, the State Uniform Tax Procedure Law provides that "[a]ny notice required to be given by the director . . . may be served personally or by mailing the same to the person for whom it is intended . . . ." N.J.S.A. 54:50-6(a). Merrill Lynch Credit Corporation merged into the Bank of America National Association on July 1, 2011. The taxpayer now alleges that the notice is defective in that it does not state Bank of America, but rather states Merrill Lynch Credit Corporation.

There is not any dispute that agents of Bank of America accepted the notice sent by the Director by mail for Merrill Lynch Credit Corporation. Apparently realizing that Merrill Lynch

Credit Corporation was in the home loan business, the mailroom agent forwarded the notice to Bank of America Home Loans in Tampa. What happened from there has not been revealed by the taxpayer. Certainly, a Notice of Assessment, which, plainly on its face, claims over four million dollars as due and owing, should have attracted someone's attention. The taxpayer had some three months (90 days to be exact) to route the notice to the proper personnel for action. The Director cannot be responsible for the taxpayer's organization failing to take prompt action in the face of an assessment in excess of four million dollars.

A Consent Fixing Period of Limitations signed on April 13, 2015, set the period of limitations for August 31, 2015 for the 2007 through 2009 tax years. The period of limitations for the 2010 year was October 10, 2015. The notice was issued by the Director on August 24, 2015. The taxpayer here is not merely seeking the ability to challenge the assessment on the merits. The taxpayer argues that if the court were to find that the notice was defective and thus void, there would not be any timely assessment since the statute ran on August 31, 2015 and October 10, 2015.[5]

What is telling, though, from the Consent executed by the taxpayer on April 13, 2015, is the taxpayer is listed twice as

---

[5] For reasons set forth below, the court does not have to reach this argument.

Merrill Lynch Credit Corporation and is signed by Lynn Chietz as an officer of Merrill Lynch Credit Corporation. This Consent was executed some four years after the merger, and four months prior to the notice. To now claim that the notice dated August 24, 2015, is not directed to the proper taxpayer is simply disingenuous.

### C. Sent to proper address

The State Uniform Tax Procedure Law provides that "[a]ny notice required to be given by the director . . . may be served personally or by mailing the same to the person for whom it is intended, addressed to such person at the address given in the last report filed by that person pursuant to the provisions of the State Tax Uniform Procedure Law, or of any other State tax law . . . . The mailing of such notice shall be presumptive evidence of the receipt of the same by the person to whom it was addressed." N.J.S.A. 54:50-6(a). The plain purpose of this provision is to provide notice in accordance with due process of law. Schneider, 196 N.J. Super. at 595 (due process requires notice and opportunity to be heard). However, the law balances the need for notice with the efficient administration of the tax laws. To foster this efficiency, the Legislature not only allowed a notice to be given by mail, but also the mailing of a notice sets up a presumption of delivery. This type of presumption is commonly known as the mailbox rule. See, e.g., Okosa v. Hall, 315 N.J. Super. 437, 440 (App. Div. 1998)(describing mailbox rule); J & J Realty Co. v.

-8-

<u>Township of Wayne</u>, 22 N.J. Tax 157, 162 (Tax 2005)(application of mailbox rule).

The taxpayer raises a myriad of issues regarding zip codes and business locations in an attempt to rebut the presumption.[6] If this was a case in which the notice was sent regular and certified mail, and the certified mail was returned as undelivered, the taxpayer's legal arguments may be relevant to rebut the presumption depending on the factual circumstances. In such a case, the only evidence would be that the Director placed the notice in the mail. However, overcoming the presumption of delivery is irrelevant in this case since there is undisputed evidence of delivery to the taxpayer. The Director sent the notice by certified mail. The records of the United States Postal Service indicate that the notice was received and signed for on August 28, 2018. Even if that was not enough to demonstrate delivery, the taxpayer's records confirm receipt on the same date.

"It is important, however, to recall that the system is but a means to an end, which end is the constitutional obligation that due and proper notice and the opportunity to be heard are actually

---

[6] The Taxpayer seems to make an issue of the notice being sent to zip code 28202-2271 versus 28255. Based upon the materials submitted, the zip code for 150 N. College Street is 28202. However, it also appears from the materials submitted that Bank of America has a "unique" zip code of 28255. In any event, this is not a material fact but a red herring since there is not any serious dispute that the notice was received.

afforded to every person whose interest might be affected by a proposed action." I.S. Smick Lumber v. Hubschmidt, 177 N.J. Super. 131, 136 (Law Div. 1980), aff'd o.b., 182 N.J. Super. 306 (App. Div. 1982). However, to allege nonconformance with technical procedures when the taxpayer has been provided actual notice, "not only flies in the face of common sense, it is precisely the type of labyrinthine misconception which brings the legal system into disrepute among laymen." Ibid.

The presumption of delivery is a shield provided to the Director to preclude claims that a notice was not received.[7] It shifts the burden to the taxpayer to prove non-delivery. It was not intended to be used as a sword by the taxpayer to nullify the undisputed delivery of a notice because the zip code was allegedly wrong.

### D. The taxpayer's responsibility for its internal procedures.

Taxpayer makes a point of noting that it has over 200,000 employees with approximately 15,000 in the Charlotte area. Taxpayer implies that a different standard should apply because it is a large organization. The factual situation here is similar to that in Mancini v. EDS, 132 N.J. 330 (1993), in which the Supreme Court was evaluating excusable neglect for vacating a default

---

[7] As already noted, at first, taxpayer challenged receipt of the Notice of Assessment and inquired as to whether it was sent via certified mail.

judgment under R. 4:50-1.  In rejecting the application to vacate default judgement, the Court observed that EDS:

> could reasonably have expected that policyholders would assert claims and that some of the claims would be disputed.  For some reason, EDS did not install a procedure for forwarding claims or notices served in its mail room.  Nothing in the record excuses EDS's misplacing of those claims and notices or its resulting failure to respond.
>
> [Id. at 335.]

The Supreme Court then went on to note that "[i]n the case of organizations that ought to expect to be sued from time to time, the question in determining whether neglect is excusable is whether their procedure for responding, particularly the procedure for putting the case in the hands of counsel, could be expected to function within the time allowed."  Ibid.

While excusable neglect is not the standard here, it is a reasonable expectation that taxpayer could have expected important government notices to be delivered to its mailroom or Tampa location.  It must be emphasized, though, that the reasonableness of a taxpayer's procedures is not an issue to be considered.

The taxpayer in setting up its operations made certain decisions, both fiscal and otherwise, as to what resources it would devote to properly processing governmental notices such as those sent by the Director.  These resources include staffing and training of the mailroom and Tampa staff.  The Director has no

-11-

control over the notice once it was delivered to taxpayer. The Director cannot direct taxpayer as to how resources are allocated for the identification and processing of governmental notices. The taxpayer is bound by the consequences of its business decisions. See General Trading Co. v. Dir., Div. of Tax'n, 83 N.J. 122, 136 (1980).

**IV. CONCLUSION**

For the forgoing reasons, taxpayer's motion for summary judgment is denied and the Director's motion for summary judgment is granted.